Charles Henry Butler, Respondent, v. The Mail and Express Publishing Company, Appellant.

Evidence — Secondary Proof of Contents of Instrument not Shown to Be Lost. In an action against a publishing company to recover the amount of due bills which it had agreed to pay in advertising, contents of an alleged written stipulation, the making of which was denied by defendant, cannot be proved by plaintiff where he testified that he had last seen the stipulation with the attorneys for the defendant and that they had promised to send it to him if found, but no evidence was produced to show that it had been lost or that at the time of the trial it was in the hands of such attorneys and could not be produced.

*Butler* v. *Mail & Express Pub. Co.*, 54 App. Div. 382, reversed.

(Argued April 15, 1902; decided May 13, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 14, 1900, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Irwin* for appellant. The several amounts paid by the plaintiff to the defendant, as alleged in the complaint, having been paid in discharge of a liquidated and settled amount due on a judgment of the Supreme Court, entered in favor of the defendant herein and against the plaintiff herein, cannot form the consideration of any new contract or agreement. (*Farrington* v. *Bullard*, 40 Barb. 512; *Gibson* v. *Renne*, 19 Wend. 389; *Robinson* v. *Jewitt*, 116 N. Y. 40; *Bartlett* v. *Wyman*, 14 Johns. 259; *Crosby* v. *Wood*, 6 N. Y. 369; 2 Pars. on Cont. 437; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Arend* v. *Smith*, 151 N. Y. 502; *Carpenter* v. *Taylor*, 164 N. Y. 171; *Parmelee* v. *Thompson*, 45 N. Y. 58; *Olmstead* v. *Latimer*, 158 N. Y. 313.) The effect of the ruling and opinion of the trial justice was to open up the judgment of July 21, 1892, and allow the party against whom that judg-

ment was obtained, viz., the plaintiff in this action, to recover back the money he paid on it. This cannot be done collaterally as has been attempted in this action. (*Farrington* v. *Bullard*, 40 Barb. 512.)

*John M. Gardner* for respondent. Equity, in view of the understanding under which the judgment was entered, would have compelled satisfaction of the same on plaintiff procuring and offering advertisements to defendant for publication in its journal as agreed. (*Wymon* v. *Mitchell*, 1 Cow. 316; *Johnson* v. *Ins. Co.*, 12 Mich. 216; 15 Am. & Eng. Ency. of Law, 338; 17 Iowa, 314; 16 Minn. 451; 37 Mo. 572; 11 Johns. 518.) The paying of the money by the plaintiff, and the giving of the receipt and due bills to the plaintiff by the defendant, amounted to an executed agreement as between the parties. (*McKenzie* v. *Harrison*, 120 N. Y. 260; *Hamer* v. *Sidway*, 124 N. Y. 538; *Waydall* v. *Luer*, 3 Den. 410; *N. Y. N. P. Co.* v. *Nat. S. Co.*, 148 N. Y. 39.)

Cullen, J. The complaint alleges that on twenty-nine different occasions the defendant, in consideration of one hundred dollars paid to it by the plaintiff, agreed to give him a hundred dollars worth of advertising in a paper published in New York city known as the *Mail and Express;* that the defendant thereafter refused to do any advertising for the plaintiff or to return to him the money so paid; and judgment was demanded for the recovery of the sum of $2,900, with interest. The defendant answered alleging that the sums paid by the plaintiff were paid, not in consideration of advertising thereafter to be furnished, but in satisfaction of a judgment that the defendant had recovered against the plaintiff. It appears that in July, 1892, the defendant obtained by default a judgment in the Supreme Court against the plaintiff and another for the sum of $6,319.15. This judgment was vacated on the consent of the parties, but no answer was interposed by the defendants in that suit. Stipulations were made giving those defendants time for the payment of the

14

claim.   Default, however, was made in the stipulated pay-
ments, and in July, 1895, the present defendant obtained an
order re-entering and reinstating the judgment of July, 1892.
In August, 1895, the present defendant threatened to enforce
its judgment and thereupon the plaintiff gave the defendant
a series of checks bearing different dates, each for the sum of
one hundred dollars, and amounting in the aggregate to the
sum remaining unpaid on the defendant's claim.   As each
check was paid the defendant gave the plaintiff a receipt for
the sum of one hundred dollars as having been paid on
account of its judgment and also a writing that the plaintiff
had credit with the *Mail and Express* for a hundred dollars
to be applied to advertising as per agreement.   The original
contract between the plaintiff and the defendant out of
which the liability from the former to the latter accrued,
does not appear in the case.   It seems, however, that the
defendant was willing that the plaintiff should recoup his
losses on that contract by giving him advertising space in
the newspaper.   When the last of the checks was paid in
May, 1896, the defendant satisfied the judgment.   In 1899
the defendant sold out its newspaper, and thereafter the
plaintiff demanded the advertising specified in the writ-
ings or due bills which the defendant on account of such
sale refused to furnish.   At the close of the evidence the
defendant moved to dismiss the complaint on the ground that
the alleged agreement to give the plaintiff advertising space
was without consideration.   The motion was denied and the
defendant excepted.   The trial court submitted four ques-
tions of fact to the jury, the first of which was: " Was there
an agreement of compromise between the plaintiff and the
defendant by which it was agreed that if the plaintiff would
pay the amount included in the judgment, the defendant
would, as the payments were made, issue due bills for adver-
tising for the different amounts paid ? "   The others related
to the payments by the plaintiff, the issue by the defendant of
the due bills for advertising and the defendant's refusal to
perform, all of which were found in favor of the plaintiff.

Thereupon the court directed a general verdict for the plaintiff. The judgment entered on that verdict was unanimously affirmed by the Appellate Division and an appeal from such affirmance taken to this court.

The unanimous affirmance below precludes us from passing upon the appellant's exception to the denial by the trial court of the motion to dismiss the complaint. Nor is the interesting question whether the special findings of the jury were sufficient to authorize the direction of a general verdict by the trial court presented to us, because the record shows no exception was taken to that direction. There is, however, an exception to the admission of evidence which we deem fatal to the judgment. The plaintiff, against the objection and over the exception of the defendant, was allowed to testify to the contents of an alleged written stipulation by which he was to be permitted to pay the defendant's claim at the rate of $500 a month, either in money or by furnishing advertising to that amount. The making of such a stipulation was denied by the defendant. The plaintiff testified that he had last seen the stipulation with Messrs. Ormiston & Dorset, his attorneys in the action against him. He stated that the attorneys had promised to send it to him if they found it, but no evidence was produced to show that the stipulation had been lost or that at the time of the trial it was not in the possession of Ormiston & Dorset and could not be produced. We do not see that there is anything to be said in defense of the ruling by which this testimony was admitted.

The judgment appealed from should be reversed, and new trial granted, costs to abide the event.

GRAY, O'BRIEN, MARTIN, VANN and WERNER, JJ., concur; PARKER, Ch. J., absent.

Judgment reversed, etc.