# Hoyle *v.* Mann.

*Action of Ejectment.*

[Decided June 30, 1905.]

1. *Ejectment; Adverse Possession.*—The question as to whether possession of real estate has been so actual, open, notorious and continuous as to ripen into title by adverse possession, is for the jury, under proper instructions from the court.

2. *Same; Abstract of Title Relied upon for Recovery.*—Clerical errors in the abstract furnished on demand, under the Code, in an action of ejectment, may be corrected. The only purpose of such provision of the Code is to give notice to the opposing party, what line of title will be relied upon.

3. *Same; Evidence.*—Where, in an action of ejectment, the plaintiff seeks a recovery upon adverse possession under color of title, an objection to the introduction in evidence of a deed to the land in controversy, that it had not been made to appear that the grantor in such deed had any title, is properly overruled. Such objection would not go to the introduction of the deed, if it was otherwise unobjectionable.

4. *Same; Same; Error Without Injury; Presumption on Appeal.* It is improper to allow a witness in an action of ejectment to say that he sold the lands in controversy, and, although

5. *Same; Same.*—In an action of ejectment, it is error to refuse to exclude testimony of a witness as to a sale of land which is not shown to be a part of the land in controversy, or covered by color of title relied upon. (*Stiff v. Cobb,* 126 Ala. 381, *distinguished.*)

6 *Same; Same.*—In an action of ejectment, where a party claims title by deed, or adverse possesion under color of title, it is not material how, or by what means, such party induced the grantors in a deed to him to execute the same.

7. *Same; Same; Abstract of Title.*—Title to real estate cannot be proved by hearsay testimony as to what a person claimed, or did not claim. And where the plaintiff in ejectment, in the abstract furnished, claims only by adverse possession, the defendant cannot force him back to a common source of title, for the purpose of strengthening defendant's title.

8 *Same; Same; Parol Testimony as to Contents of Writing.*—When it is shown that a writing is out of this state, parol testimony

[Hoyle v. Mann.]

of its contents is admissible.

9. *Same; Adverse Possession; Notice.*—Where a party buys lands claimed to be at the time in the adverse possession of another, it is immaterial whether or not such buyer knew of such adverse possession, as the question is whether such adverse holding had been such as to bar his grantor.

10. *Same; Same; Continuity.*—In order to ripen into title, adverse possession must be continuous. A temporary abandonment, regardless of the intention of the possessor, breaks such continuity. Such possession is essentially aggressive, and the adverse possessor must keep his flag flying and present a hostile front to adverse pretentions. If he evacuates, leaving no *indicia* of a continuing possession, this would be an abandonment of his possession.

11. *Charge of Court; Repetitions.*—Where the court has given charges covering a proposition, there is no error in refusing charges which in effect are mere repetitions of those already given.

12. *Ejectment; Deed to Property Adversely Held; Color of Title.* A deed to land, executed while another was in adverse possession, is good as color of title, and not absolutely void.

13. *Same; Adverse Possession; Tacking.*—Where a party claims title to land by adverse possession in himself and prior successive grantees, it must be shown that each grantee went into possession at the expiration of the possession of his predecessor in the title, claiming under or through him, else there will be a break in the possession. And this is a question for the jury.

APPEAL from Baldwin Circuit Court.

Heard before the Hon. W. S. ANDERSON.

This was an action of ejectment brought by the appellee, Shuah S. Mann, against the appellant, George H. Hoyle. All facts and the actions of the lower court are sufficiently set out in the opinion. There was verdict and judgment for the plaintiff, from which the defendant appeals.

GREGORY L. & H. T. SMITH, for the appellant.—Occasional acts of ownership do not amount to adverse, continuous possession.—*Elyton Land Co. v. Denny*, 108 Ala. 553; *Alexander v. Savage*, 90 Ala. 383; 2 Mayfield's Dig. p. 75, sec. 4, p. 80, sec. 38. The abstract of title furnished by the plaintiff was insufficient, as it simply gave the

[Hoyle v. Mann.]

names of the parties and a reference to the place where the deeds were recorded.—Warvelle on Vendors, 296; *Banker v. Caldwell*, 3 Minn. 94; *Chase v. Heamy*, 70 Ill. 269; Crum on Abstracts, p. 56; *McCain v. Rippey*, 23 Pa. 180. Where a writing is shown to be out of the state, parol testimony as to its contents is admissible. *Manning v. Jerome*, 87 Ala. 567; *Young v. East Lake R. R. Co.*, 80 Ala. 100; *Elliott v. Dyche*, 80 Ala. 377; *Ala. Land Co. v. Kyle*, 99 Ala. 474; *M. & L. R. R. v. Schaffe*, 76 Ala. 233; *Tweed v. Gordon*, 74 Ala. 233. Adverse possession of land at the time of the execution of a deed thereto, does not make the deed a nullity for all purposes.—*Pearson v. King*, 99 Ala. 125; *Davis v. Curry*, 85 Ala. 133.

JOEL W. GOLDSBY and JAMES H. WEBB, for appellee. Prior possession alone is sufficient to entitle a plaintiff to recover, unless the defendant introduces evidence in rebuttal.—*Jackson Lumber Co. v. McCreary*, 137 Ala. 278; *Barrett v. Kelly*, 131 Ala. 386. After twenty years, a presumption is raised that Mrs. Burthe had authority to sell the lands, and convey a good title thereto.—*Mathews v. McDade*, 72 Ala. 389; *Central v. Glenn*, 91 Ala. 260; *Garrett v. Garrett*, 69 Ala. 430; *McArthur v. Carits*, 32 Ala. 75. As evidence of adverse possession, it is competent to show that the alleged occupant sold a part of the premises, described in color of title held by him. *Stiff v. Cobb*, 126 Ala. 388. A deed, executed by a person without title or authority, is good as color of title. *Riggs v. Fuller*, 54 Ala. 146.

SIMPSON, J.—This is an action of ejectment by appellee (plaintiff) against appellant (defendant). The plaintiff introduces; 1st, a deed from Louisa Burthe (dated October 31st, 1881), who describes herself as the widow of Edmund Burthe, of New Orleans, La., and she conveys, individually and as tutrix of her five children, who are named, and in this deed Henry Chiapella "intervenes" and conveys his one-sixth (1-6) interest; this deed is made to Osceola Wilson; 2nd, Osceola Wilson and wife to John Bowen, November 8th,

1881; and 3rd, Charles Torrey, as executor of the will of John Bowen, to the plaintiff; dated December 4th, 1906.

The defendant introduced a deed from certain parties, who are shown to be the heirs at law of said Edmund Burthe, to the defendant, dated June 3rd, 1902, and it was proven that said widow of Edmund Burthe died March 11th, 1891. The defendant, after receiving said deed, placed a fence around the land sued for.

The plaintiff claims that Wilson went into possession in 1881, and that such possession has been kept up until the defendant placed his fence around the land.

1. The appellant insists that the court should have sustained his motion to exclude all of the evidence of the plaintiff, on the ground that it did not make out a *prima facie* case, and, failing in that, the court should have given the general charge in favor of the defendant.

This is based, in part, upon the theory that both plaintiff and defendant claimed from a common source; that defendant has shown a perfect title back to that common source, and that the plaintiff has not shown such actual, open, notorious and continuous adverse possession as will overcome the perfect title from the common source, and present possession.

A sufficient answer to this is, that they do not claim entirely from the common source, as one-sixth (1-6) interest was conveyed to Wilson by Henry Chiapella, who is not shown to claim from Edmund Burthe at all. So that, as to that one-sixth (1-6) interest, neither party had anything, more than color of title, on which to base a possessory interest. But, in addition to this, after a careful examination of the mass of testimony, we think that the matter as to whether such possession was shown by the plaintiff, as to justify a recovery, was for the jury to decide, under proper instructions from the court.

2. There was no error in allowing the correction of the clerical error in the abstract, which was really apparent on its face. If it had been in a matter which worked a surprise on the defendant, the court would, on motion, have given him proper relief.

3. There is no force in the objection to the introduction of the deed of Charles Torrey, as executor of Bowen, to Mann. The first objection, to wit; that it did not ap-

pear that the grantor had any title to the land, would not go to the introduction of the deed, if it was otherwise unobjectionable, and in this case the deeds were introduced only as color of title. With regard to the statement of the deed in the abstract, the only purpose of section 1531, of the Code of 1896, is to give notice to the opposing party what line of title will be relied upon, and the statement in this case was sufficient. If the defendant was not satisfied with the abstract, and thought it should be fuller, he should have objected to it before going into trial. The definitions of an abstract, as used in conveyancing, do not apply to this statute.

4. What has been said applies also to the assignments in regard to the admission of the deed from Osceola Wilson and wife to John Bowen; also, to the admission of proof of possession after 1892.

5. The statement of the witness Bromberg, that he had "Sold those lands," referring to the lands covered by the plat, should have been excluded on motion of defendant, as it was irrelevant, and, although, as suggested by counsel for plaintiff, it may be that it had no effect upon the minds of the jury, yet this court cannot undertake to affirm that proposition.

6. The court erred in refusing to exclude the testimony of John W. Stewart in regard to Mrs. McGill finally buying from Bowen the land upon which she was residing. The testimony of the witness is simply that this land was a part of the land claimed by Torrey. It is not shown that it was any part of the land in controversy, or even contiguous to it, or that it was a part of a contiguous tract of land covered by the color of title, of which the land in controversy was a part. It does not come within the principle decided in the case of *Stiff v. Cobb, et al.,* 126 Ala. 381, where the defendant's vendor was distinctly in possession of a "Single connected block," and the defendant was allowed to show that said vendor, while so in possession, sold one lot out of the block, and made a mortgage on the lot in controversy.

For the same reason the question to the same witness "Did anybody living on the land at the time pay you fifty dollars for it, as the agent of Mr. Bowen", should

[Hoyle v. Mann.]

have been excluded, and also the further question as to whether various persons, who had bought lands from Bowen, had been disturbed.

7. The question to the witness, Chiapella, as to whether the defendant said anything to him about these lands, and other questions to him, including the one as to when the Burthe heirs learned that the lands in Alabama had been sold by their mother, were irrelevant and should have been excluded.

In the trial of the issue before the court in this case, it was simply a question of title by deed or adverse possession, and it was not material how, or by what means, the defendant induced the heirs of Burthe to convey their interest to him.

8. Plaintiff's objection to defendant's questions to the witness Chiapella, as to whether Mrs. Burthe claimed to have acquired title by inheritance from her husband, and that she had no other title, etc., were properly sustained by the court. A chain of title cannot be proved by hearsay testimony as to what a person did or did not claim. Also, the abstract of complainant in this case shows that he claims entirely on adverse possession, simply based on Mrs. Burthe's deed as color of title, without regard to any right, title and claim which she had, and the defendant could not force the plaintiff back to a common source, in order to strengthen his own title.

9. The only objection made to the question to the witness George Hoyle, asking for the contents of his second proposition to Chiapella, was that it was incompetent to prove by parol the contents of a written instrument. This objection was not well taken, as it had been proved that the writing was out of the State, the court erred in sustaining it.—*Manning v. Maroney*, 87 Ala. 563, 567; *Young v. East Lake R. R. Co.*, 80 Ala. 100; *Elliott v. Dyche*, 80 Ala. 377; *Ala. Land Co. v. Kyle*, 99 Ala. 474; *P. & L. R. R. v. Schaffe*, 76 Ala. 233; *Tweed v. Gordon*, 74 Ala. 233.

This testimony was also admissible in reply to proof which had been permitted to the plaintiff in regard to the negotiations and propositions between defendant and Chiapella, all of which was illegal, for the reason

that, in this case, it mattered not how the parties were induced to sign the deed, the only material fact being that the deed was executed.—*Griffin v. Head,* 122 Ala. 441, 445.

10. The overruling of the exceptions to the questions to the defendant, as to his finding on the records the entry of the deed from Mrs. Burthe to Wilson, and as to his knowledge of the fact that Mann had bought the land, seems to be based upon the idea that, in that way, a knowledge could be fixed on him as to the supposed adverse possession of plaintiff and his predecessors.

The defendant in this case bought whatever title the Burthe heirs had, so that the question is not whether the defendant knew of the adverse holding, but whether the holding had been such as to bar his vendors. If he knew that the plaintiffs did suppose that they had a title but, at the same time, had reason to believe that the heirs in Louisiana had the real title to the land, he had a right to purchase their title, and on their title he must stand or fall in this suit. The testimony should have been excluded. And the further question to said witness, "Why did you think it took a deed from both parties to make a good title ", was clearly illegal, and should have been excluded.

11. The court erred in charging the jury that selling of parts of the lands were acts of ownership which might constitute adverse possession. See remarks *supra* (6), showing distinction between this case and that of *Stiff v. Cobb.*

The numbers of the land covered by the color of title show that it did not consist of one continuous tract, and the charge would not be correct as to any part which was not a subdivision of the continuous tract including the lands in controversy.

12. The court erred in charging the jury that "If the claimant of the land goes off the land, with the intention of returning, after he has established adverse possession, that is no abandonment of the land. In order to abandon it, he must intend to abandon it, he must leave it for that purpose."

The very gist of the claim by adverse possession is that for ten years the claimant has occupied the land, so

openly, visibly, adversely, notoriously and continuously, that the owner is presumed to have known it. It would be a strange principle then, which would allow a man to go on the land, set up adverse possession, and then leave it, and claim that his possession remained adverse, merely because he intended to return.

The Supreme Court of Pennsylvania, in condemning a charge very similar to this one, says: "Adverse possession　*　*　*　*　* is essentially aggressive and the stamp of its character must always be preserved by acts on the premises." "The question is not, what did the outgoing occupant *intend,* but what did he *do.*" He must "Keep his flag flying and present a hostile front to adverse pretensions." "When one leaves the ground personally, he must leave it under circumstances indicating that he has not left the possession." "There must be that in the condition and appearance of the premises themselves that show to the world that there is still a person in possession.—*Susquehannah Etc. R. R. Co. v. Quick,* 68 Penn. St. 189, 199. This case was quoted with approval by this Court in *L. & N. R. R. Co. v. Philyaw,* 88 Ala. 264, 268. And in a later case this court has said that, if a party evacuated a place "Leaving no *indicia* of a continuing possession, this would be an abandonment of his possession."—*Perry v. Lawson,* 112 Ala. 480, 484.

13. Referring to the 23 assignment of error, it appears that the court, in giving charges 3 and 4 requested by defendant, gave the same in substance as the one here refused, so the court was not obliged to repeat it.

14. The court did not err in refusing to give the charge set out in the 25th assignment of error. The matters therein mentioned were proper for the jury to consider, in connection with the condition and character of the land, and from these to determine whether the facts showed adverse possession.—*Goodson v. Brothers,* 111 Ala. 589, 593, 597.

15. The court erred in charging the jury that "If the plaintiff was in the adverse possession of the land　*　* *　*　* at the time the deed was made to Hoyle said deed would be void at to defendant," as that principle was

not applicable in this case, the deed being only color of title at any rate.

16. There was no error in giving the charge set out in the 27th assignment of error. The charge is not based on an entry on a part of the land, but it reads "Enters on the land described in the deed."

17. The charge set out in the 29th assignment of error should not have been given, as it is predicated merely upon an entry on a part of the land and says nothing about his claiming the entire track.

18. The vice in the charge set out in the 30th assignment of error is that it does not require the jury to ascertain that each successive party received the possession from his predecessor, under the deed. It might be true that the deeds were sufficient color of title to authorize the tacking of the several possessions, and also that each of the parties had continuous adverse possession, yet, if, as a matter of fact, one of them did not actually go into possession, at the expiration of the possession of his predecessor and under or through him there would have been a break in the possession. It is a question for the jury whether the possessions were successive.

What has been said covers the assignments noticed in appellant's brief.

The judgment of the court is reversed and the cause remanded.

McClellan, C. J., Tyson and Anderson, JJ., concurring.