William McDonald, Appellee, *vs.* Lewis C. Erbes, Appellant.

*Opinion filed December 17, 1907.*

Evidence—*rule as to admitting copy where original is beyond jurisdiction of court.* In Illinois, one who seeks to introduce a copy of a written instrument, the original of which is beyond the jurisdiction of the court and in the hands of a third person, must show, in addition to such facts, that he has made due effort to obtain the original for use at the trial.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. M. W. Thompson, Judge, presiding.

Buckingham & Troup, for appellant.

J. B. Mann, and Dyer & Wallbridge, for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

This was an action of assumpsit commenced by the appellee, against the appellant, in the circuit court of Vermilion county. The declaration consisted of the common counts, and the general issue was filed, and the trial resulted in a verdict and judgment in favor of the appellee for $2923.75, which judgment has been affirmed by the Appellate Court for the Third District.

The judgment, in part, was made up of an item of $900, which was paid by the appellee to E. H. Steiger. The appellee contended said item of $900 was paid to Steiger by him at the request of appellant, and the appellant contended it was paid to Steiger by the appellee for his own benefit. In order to establish his contention the appellant offered in evidence a copy of a written agreement alleged to have been entered into between the appellant and appellee, which, upon

the objection of appellee, the court refused to admit, on the ground that no sufficient foundation had been laid for the admission of secondary evidence of the contents of said agreement, and the refusal of the court to admit in evidence a copy of said agreement in lieu of the original is the sole ground of reversal relied upon in this court.

As a foundation for the admission of a copy of said agreement in evidence in lieu of the original, the appellant showed that at the time the agreement was executed it was left in the possession of Steiger, who resided at Oshkosh, Wisconsin, and that it had never been in the possession of either of the parties to the suit, and Steiger testified that if he had the agreement it was at his home in Oshkosh. No effort was made by the appellant to obtain the original agreement prior to the trial, it being his contention that as it appeared the original was beyond the jurisdiction of the court and in the hands of a third party, the copy thereof was admissible in evidence. The authorities are not in entire harmony upon the question at issue between the parties to this suit. In some jurisdictions the rule is, that where it appears that an instrument in writing is beyond the jurisdiction of the court and in the hands of a third party a copy thereof may be introduced in evidence in lieu of the original; while in other jurisdictions the rule is, that a copy cannot be admitted in evidence in lieu of the original unless it appears, in addition to the facts that the original is beyond the jurisdiction of the court and in the hands of a third party, that due effort has been made by the party offering the copy to obtain the original. (2 Elliott on Evidence, secs. 1469, 1470; 25 Am. & Eng. Ency. of Law,—2d ed.—p. 171.) The rule in force in this State, as announced in *Dickison* v. *Breeden,* 25 Ill. 186, *Fisher* v. *Greene,* 95 id. 94, and *Bishop* v. *American Preservers' Co.* 157 id. 284, requires that due effort must be made by the party who offers a copy of a written instrument in evidence when the original is beyond the jurisdiction of the court and in the hands of a third

party, to obtain the original before the copy will be received in evidence. In the *Dickison case* a copy of a deed was offered in evidence, which the proof, which was in the form of an affidavit, tended to show was in the hands of the plaintiff's grantor in the State of Indiana. The court held that the plaintiff should have taken the deposition of his grantor and not have relied upon a copy of the deed. In the *Fisher case* the party who held the original power of attorney resided in the State of New York, and, upon his deposition being taken, refused, upon request, to attach the instrument to his deposition, and it was held that upon such refusal a sworn copy of the power of attorney annexed to the deposition of another witness was properly received in evidence. And in the *Bishop case*, on page 307, it was said: "Secondary evidence may be offered to prove the substance of a document which it is out of the power of the party to produce; and this rule applies to papers out of the jurisdiction of the court, provided due effort be made to obtain such papers."

We think the rule in force in this State the sounder one of the two rules above announced, as under the rule in force in Alabama and some other States it is only necessary to introduce proof that the deed, contract or other instrument in writing relied upon is in the hands of a third party outside of the State, to entitle a copy thereof to be admitted in evidence. In the *Dickison case*, on page 187, it was said: "There is much danger in allowing the introduction of copies * * * without fully establishing the fact of the existence, at some time, of an original and of its subsequent loss or destruction, so that after diligent search it could not be found. * * * Justice and the safety of the people require a rigid rule to be applied and enforced in such cases." We think it clear the trial court followed the rule established in this State, and that it did not err in refusing to admit in evidence the copy of said agreement.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*