THE STATE, DEFENDANT IN ERROR, v. GIUSEPPE ALBERTALLI, PLAINTIFF IN ERROR.

Argued February 16, 1909—Decided June 7, 1909.

Upon a sale of goods the vendor delivered to the vendee a memorandum of the sale, and retained a carbon copy. *Held*, that the carbon copy was admissible as evidence as a duplicate original for the purpose of showing the nature and terms of the transaction.

On error to the Bergen Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the state, *John S. Mackay* (*Ernest Koester* on the brief).

For the plaintiff in error, *Wendell J. Wright*.

The opinion of the court was delivered by

SWAYZE, J. The plaintiff in error was convicted for the illegal sale of liquor. The controversy reduced itself at the trial to the question whether two gallons of wine, which had been delivered to one Merkindino, had been sold to her, or

had merely been given to her in exchange for a portion of a quantity which had previously been sold, that quantity being above the quantity for which the defendant needed a license. The defendant offered in evidence a duplicate bill for the goods which had been delivered to Merkindino, which was in the nature of a sales slip. The testimony showed that a white slip and a yellow slip were made out at the same time, one being a carbon copy of the other; that the white slip was delivered to Merkindino and the yellow slip retained by the defendant. This slip contained a memorandum of the exchange of wine and showed that the amount paid by Merkindino included nothing on account of the wine. It, therefore, tended to corroborate the testimony on the part of the defendant and the testimony of Mrs. Merkindino herself on cross-examination. The paper was excluded, seemingly because it was supposed to be a mere copy. We think this view was erroneous. The white slip and the yellow slip were duplicate originals, and while they were copies one of the other, the yellow slip was as much an original as the white slip. The fact that it was a carbon copy instead of being written with pencil or pen and ink is not significant. This error was clearly prejudicial to the plaintiff in error, and the judgment must accordingly be reversed.

In reversing this judgment, however, we must not be understood as expressing approval of the form in which the matter is presented. The parties have apparently undertaken to bring the case up under section 136 of the Criminal Procedure act, but it is evident from an inspection of the record that the whole record is not before us; in fact, the judge merely certifies "that the foregoing is a true statement of the facts upon the trial and the facts are set forth in narrative form. We have accepted the signature to this certificate as amounting to a signature of the bill of exceptions which the statement shows the defendant prayed and the judge sealed. Strict practice would require that exception to be signed and sealed separately, and not at the conclusion of the whole statement of facts on the trial.