FISHER & BALL, Appellees, v. HARLEY CARTER, Appellant.

**PLEADING:** Petition—Separate Counts for One Recovery—Right
1 to Submission—Brokers. The same cause of action may be pleaded in different counts of a petition, and, if there is any evidence to support both, plaintiff is entitled to have both submitted to the jury. So held where a broker pleaded, (a) for *quantum meruit*, and (b) for a specifically agreed commission, and the trial court submitted both counts, such action being sustained on the theory that the jury might have found, in view of the evidence, the fact of employment, without finding the fact of agreed commission.

**EVIDENCE:** Best and Secondary—Original Writing in Foreign
2 Jurisdiction—Diligence. Merely showing that an original writing *is in a foreign jurisdiction*, and in the hands of a stranger to the action, does not authorize the reception of secondary evidence of its contents. *There must be a showing of reasonable diligence to obtain the original.*

**EVIDENCE:** Best and Secondary—Duplicates. Principle recognized
3, 5 that, when a writing is made in duplicate, either copy is admissible, without regard to the whereabouts of the other, and without showing of effort to obtain such other.

**EVIDENCE:** Best and Secondary—Original in Foreign Jurisdiction
4 —What Constitutes Diligence to Produce. What, under a fair discretion of the court, constitutes reasonable diligence to produce an original writing, which is in a foreign state and in the hands of a stranger to the action, necessarily varies with each case, and depends:

    (a) On the character and importance of the writing;

    (b) On the purposes for which it is to be used;

    (c) On the place where it would naturally be kept;

    (d) On whether the party knew before the trial that the writing would be required, or learned such on the trial;

    (e) On whether the loan of the writing for the purpose of trial might be had for the asking; and

    (f) Whether it may be secured by the taking of depositions.

**EVIDENCE:** Best and Secondary—Duplicates.
3, 5

**APPEAL AND ERROR:** Harmless Error—Best Evidence—Surrepti-
6 tious Possession of Original. One may not predicate error on the erroneous reception of a copy of an original writing, which original

was supposedly in a foreign state and in the hands of a stranger to the action, when the objector, at the time of objecting, had such original in his own possession and did not produce it.

**EVIDENCE:   Relevancy, Materiality and Competency—Admissibility Under Particular Issues.** Principle recognized that items of evidence, otherwise irrelevant and incompetent, may become relevant and material under the particular issues being tried. So held where, in an action by a broker for commission, a letter from the purchaser who was not a party to the action was held admissible as explanatory of testimony introduced on a former trial.

**EVIDENCE:   Documentary Evidence—Identification.** Evidence that a letter has been received purporting to have been addressed to the witness by the other party, in response to a letter written to such party, merely identifies the letter received as that of the other party.

**EVIDENCE:   Documentary Evidence—Due Receipt of Letters—Authentication.** A letter, shown (though by incompetent evidence, to which no objection was made) to be an answer to a previous one, is not subject to the objection that there was no showing that it was received through the mails.

*Appeal from Jefferson District Court.*—Seneca Cornell, Judge.

Friday, November 24, 1916.

Action for commission alleged to have been earned in finding a purchaser for land resulted in a judgment as prayed. —*Affirmed.*

*Ralph H. Munro,* for appellant.

*Thoma & Thoma* and *Leggett & McKemey,* for appellees.

Ladd, J.—I.  The petition is in two counts, one alleging the employment of plaintiffs by defendant to find a purchaser for his farm in Kansas, and the reasonable value of so doing, and the other alleging an agreement to pay $1 per acre for such services.  Counsel for appellant contends that there was no evidence tending to support the first count, and there-

1. Pleading: petition: separate counts for one recovery: right to submission: brokers.

fore that the court erred in submitting to the jury whether plaintiffs should recover on a *quantum meruit*. Fisher testified that defendant first came into the office of Ball & Fisher in the spring, and requested him to find "a buyer in exchange" for his Kansas land; that he kept looking up proposals for exchange and examining real estate bulletins for some time, and finally suggested an exchange for land advertised by one Henton, near Ridgway, Missouri; and that defendant, Carter, with his assistance, finally exchanged his Kansas farm for this land. · He also testified that Carter and he agreed that, in event of an exchange, the former was to pay plaintiff firm $1 per acre as commission. Carter denied ever having employed the firm, or either member of it, to negotiate an exchange, or having agreed to the payment of any sum per acre or otherwise as commission. Evidently, then, the jury might have found the employment and the rendition of services, as testified by Fisher, but have concluded that there was no agreement as to the amount to be paid as commission, and, if so, they must have allowed the reasonable value of the services rendered. It cannot be said, then, that there was no evidence in support of the first count, nor that evidence of the reasonable value of the services rendered was inadmissible.

II.  Henton, with whom defendant exchanged farms, resided at Albany, Missouri. Fisher testified to having written Henton a letter, and to having deposited it in the United

2. EVIDENCE: best and secondary: original writing in foreign jurisdiction: diligence.

States mails, properly addressed to him at Albany, Missouri, and that he did not have the original or know its whereabouts, and then identified a copy, unsigned, as a true copy of such letter. The copy was received in evidence, over an objection that there was not sufficient excuse shown for not producing the original, and in any event that the letter was unsigned. Even though unsigned, and frequently the signature is not impressed on the copy, the witness testified that he wrote the original and mailed it, and this sufficiently

identified it as his, even though not signed. Was the absence of the original sufficiently accounted for? That the best evidence of which the case is susceptible must have been adduced is the well-established rule, and our inquiry is limited to ascertaining whether a copy of a letter is to be regarded as such evidence, upon a showing that the original is in the hands of a third party, beyond the jurisdiction of the court. In *Bullis v. Easton,* 96 Iowa 513, and *Simons v. Petersberger,* 171 Iowa 564, the showing was that the originals could not be obtained, and secondary evidence of their contents held rightly received; and in *Waite v. High,* 96 Iowa 742, a remark is to be found that:

"It does not follow, because the books were in another state, their production at the trial could not have been secured."

In *Worez v. Des Moines C. R. Co.,* 175 Iowa 1, the witness prepared an application for insurance and a duplicate thereof at the same time, writing on each, "acute attacks of rheumatism at times, but not severe." One of these

**3. EVIDENCE: best and secondary: duplicates.**

was signed by the applicant and forwarded to the company in New York, and the other was retained by the witness, and was received in evidence in connection with his testimony of applicant's condition at that time. As this was a duplicate of that sent out of the state, either was admissible as an original, and especially is this true with respect to the memoranda made by the witness. *Hopkins v. State* (Fla.), 42 So. 52; *Fremont Canning Co. v. Pere Marquette R. Co.* (Mich.), 146 N. W. 678; *State v. Albertalli* (N. J.), 73 Atl. 128; *Chesapeake & O. R. Co. v. Stock* (Va.), 51 S. E. 161.

Manifestly, the fact that the signed application was beyond the state boundaries would not preclude the introduction of the duplicate copy, and this is all that is held, though the language of the opinion might, but for the recital of facts, be susceptible of broader construction. The authorities bearing on the question seem to be in hopeless conflict. On the

one hand, letters or other written papers or documents in the possession of a third party in another state or country are regarded as inaccessible, for that their production cannot be compelled by the court where the action is pending. *Bowden v. Achor*, 95 Ga. 243 (22 S. E. 254); *Zellerbach v. Allenberg*, 99 Cal. 57 (33 Pac. 786); *Hoyle v. Mann*, 144 Ala. 516 (41 So. 835); *Butler v. Mail & Express Pub. Co.*, 171 N. Y. 208; *Vinal v. Gilman*, 21 W. Va. 301 (45 Am. R. 562).

The Supreme Court of the United States declared, speaking through Swayne, J., in *Burton v. Driggs*, 20 Wall. (U. S.) 125 (22 L. Ed. 299):

"It is well settled that, if books or papers necessary as evidence in a court in one state be in the possession of a person living in another state, secondary evidence, without further showing, may be given to prove the contents of such papers, and notice to produce them is unnecessary."

A deposition of a witness in another state had been shown to have been lost, and a copy made by the clerk of court was adjudged rightly received in evidence. The witness, not the deposition, was beyond the court's jurisdiction, and the above excerpt from the opinion was dictum. Moreover, that court had previously ruled, in *Turner v. Yates*, 16 Howard (U. S.) 14, that:

"If the paper was in the hands of consignees in London, secondary evidence was not admissible. . . . If as parties, they were entitled to notice to produce the paper; if as third persons, their depositions should have been taken, or some proper attempt made to obtain it."

The rule as indicated in this statement obtains in many jurisdictions. *Shaw v. Mason*, 10 Kans. 184; *McDonald v. Erbes*, 231 Ill. 295 (83 N. E. 162); *Wiseman v. Northern Pac. R. Co.*, 20 Ore. 425 (23 Am. St. 136); *Kirchner v. Laughlin*, 6 N. M. 300 (28 Pac. 505); *Justice v. Luther*, 94 N. C. 793; *Pringey v. Guss*, 16 Okla. 82 (86 Pac. 292); *Bruger v. Princeton & St. M. M. F. Ins. Co.*, 129 Wis. 281 (109 N. W. 95);

*Wood v. Cullen,* 13 Minn. 394; *Kearney v. Mayor, etc., N. Y.,* 92 N. Y. 617.

Secondary evidence of the contents of a writing is received as the best evidence attainable only upon showing that the original writing cannot be produced by the party offering such evidence within a reasonable time, by the exercise of reasonable diligence. Precisely what must be done to constitute such diligence depends on the facts of each case. There is no criterion by which to measure the necessary effort; but, in all cases, the party asserting the loss or destruction of the paper or document is required to show:

"That he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him." 1 Greenleaf, Ev., Section 558.

It is not sufficient that the witness assert that it is lost; he must search for it in every place where there is reasonable probability that it may be found. To exact any less diligence would impair the advantage of reducing communications or agreements to writing. This much is exacted from the party tendering evidence of the contents, not because of the power of the court to order the production of the writing found, but to make sure that the court has the best evidence attainable by the party offering it, on which to base its judgment.

That the instrument may be in another jurisdiction and in the custody of a third party should not relieve the party desiring to avail himself of its use in evidence from exercising reasonable diligence to procure the original writing for such purpose. The best evidence attainable is quite as essential to the administration of justice, whether in the state or beyond its borders, and there is no sound reason for relaxing the rule exacting diligence in its produc-

4. **Evidence**: best and secondary: original in foreign jurisdiction: what constitutes diligence to produce.

tion when found where its production may not be compelled. What will constitute such diligence, as said, depends on the facts of each case, on the character and importance of the writing, the purposes for which it is to be used, and the place where it would naturally be kept. If such an one as the owner would be likely to preserve, or one on which the action or defense is founded, a more thorough search would be exacted than were the paper of little importance. Something also depends on whether the party was aware beforehand that it would be required in the course of the trial, or this developed during the trial. Manifestly, there is some room for the exercise of sound discretion in determining whether the degree of diligence has been exercised. Surely, the diligence exacted is not shown where no effort whatever has been put forth to obtain a document or other writing beyond the jurisdiction of the court. Ordinarily, the loan or use of it for the purposes of the trial may be had for the mere asking, or its production may be obtained by taking the deposition of its custodian. That the production of writings may not be compelled in another jurisdiction does not alone show that they are inaccessible; for it is a matter of common knowledge that ordinarily they may be and are procured in one of the methods suggested, and that refusal to furnish, loan or produce the papers, as required, is exceptional. A somewhat extended and attentive examination of the authorities has convinced us that proof that writing is in the custody of a third party in another jurisdiction is not sufficient showing of diligence to justify a court in foregoing the advantage of the original paper in reaching a decision; that such proof does not establish inaccessibility, even though its production may not be compelled; and that reasonable effort to procure, without success, or conditions reasonably indicating that these would have been of no avail, or refusal to deliver, or something of like consequence, should be shown before secondary evidence of the contents of the writing is received. No effort whatever was made by appellee to obtain

the original letter, either by borrowing it for use at the trial or by taking the deposition of Henton and having the letter attached thereto, in connection with his testimony.

There was no showing that the copy introduced was a duplicate of the original, and for this reason the authorities relied on by appellee are not controlling. See *International Harvester Co. v. Elfstrom* (Minn.), 112 N.

**5. EVIDENCE: best and secondary: duplicates.** W. 252; *State v. Albertalli* (N. J.), 73 Atl. 128. But on motion for new trial, it appeared by affidavit of Henton that, several months prior to

**6. APPEAL AND ERROR: harmless error: best evidence: surreptitious possession of original.** the trial, the original letter had been delivered to defendant, and had not been returned. He must have had it, then, at the time of the trial, and, if the copy adduced was defective in any manner, might have corrected it by producing the original. The ruling then, though erroneous, was without prejudice.

III. The above letter inquired whether Henton had letters from Carter, stating how he came to negotiate with him for an exchange, and, if so, asking for the letters for use as evidence against Carter. Fisher was shown

**7. EVIDENCE: relevancy, materiality and competency: admissibility under particular issues.** a letter dated five days later, purporting to have been written at Albany, Missouri, addressed to plaintiffs and signed by Henton, saying:

"I am inclosing a letter from Mr. Carter, which is the first communication I received from him. I suppose this letter contains the information you desire, as he states in the letter that it was through your courtesy he wrote me in regard to this trade."

Asked what it was, and answered:

"That is the answer to this letter that I had written him."

When offered in evidence, it was objected to as "incompetent, irrelevant and self-serving." The letter was relevant, and not open to the objection as self-serving, for that it tended

to explain testimony introduced on a former trial and brought out on the examination of the witness, and for the same reason it was competent.

The point made by appellant is that there was no showing that it was received through the mails. See *City Nat. Bank v. Jordan,* 139 Iowa 499. But evidence that a letter

8. EVIDENCE: documentary evidence: identification.

has been received purporting to have been addressed to the witness by the other party in response to a letter written to such party, merely identifies the letter received as that of the other party.

9. EVIDENCE: documentary evidence: due receipt of letters: authentication.

Here the witness swore that the above letter was such answer. True, this was his conclusion; but no objection was interposed thereto, either to the question bringing out such response or by way of motion to strike the answer as a mere conclusion of the witness. As the letter was shown to be the answer to the previous one, though by evidence which might have been but was not excluded, the objection thereto was rightly overruled.

Discovering no prejudicial error, the judgment is— *Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.