(96 South. 571)

HAMBAUGH v. McGRAW et al. (6 Div. 472.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Granted Feb. 8, 1923. Rehearing Denied May 31, 1923.)

1. Ejectment ⚖78—Trial court may enforce compliance with demand for abstract of title relied on before compelling trial.

The trial court has inherent power to enforce compliance with Code 1907, § 3841, authorizing defendant in ejectment to demand abstract of title relied on by plaintiff before compelling the parties to go to trial, on request of the party demanding same, who should show that demand was made and not complied with.

2. Ejectment ⚖78—Tender of abstract waived by going to trial.

In ejectment, where demand for abstract of plaintiff's title had been made, by announcing ready and entering trial without ascertaining that it was on hand or seeking an inspection of it, defendant waived the failure to tender it before trial.

3. Ejectment ⚖78—Refusal of evidence of plaintiff's proof of title error where defendant waived tender of abstract.

Where defendant in ejectment demanded plaintiff's abstract but went to trial without enforcing tender, it was error not to permit plaintiff to offer proof of title because the abstract had not been tendered before trial.

Somerville, Sayre, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Lum Duke, Special Judge.

Action in ejectment by Nesbit Hambaugh against Jim McGraw and Jeff Scott. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The action is statutory ejectment. When plaintiff offered in evidence his first muniment of title, defendant objected to its introduction on the ground that plaintiff had not furnished defendant with an abstract of title, pursuant to defendant's demand therefor in writing, made three years before, whereupon, as the bill of exceptions recites, the following facts were shown and admitted, viz.:

"That about three years before the trial, and while this case was pending, the defendant made a demand in writing upon the plaintiff to furnish the defendant an abstract of plaintiff's title to be relied on in this case, and that, about a month prior to this trial, said written demand was again shown the plaintiff, and that he was then reminded that said abstract had not been funished; also, that up to the time of the trial no abstract had been furnished; * * * that the failure to furnish said abstract was inadvertent; and that the plaintiff then and there in open court * * * offered to furnish said abstract, which was then declined by the defendant."

Thereupon plaintiff reoffered the first muniment of title, and in succession a number of others, to each of which the original objection was again made by defendant, on the same ground, and each objection was sustained by the court, to which plaintiff duly excepted.

Thereupon "plaintiff closed his testimony, and defendant declined to put on any testimony": and on request the trial judge gave for defendant the general affirmative charge, with hypothesis.

There were verdict and judgment for defendant, and plaintiff appeals.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Defendants waived their right to an abstract by going to trial without calling for

same, or in some way seeking the court's aid in having an abstract furnished. Hoyle v. Mann, 144 Ala. 520, 41 South. 835. An abstract can be amended and an inadvertent failure to furnish can be supplied. Camp v. Smith, 61 Ga. 449; Lee v. Houston, 120 Ga. 529, 48 S. E. 129; 19 C. J. 1131, 1135.

London, Yancey & Brower, of Birmingham, for appellees.

The statute does not authorize tender of an abstract after the trial is begun. The court correctly sustained defendants' objections to the evidence, offered by plaintiff, and gave the affirmative charge for defendants. L. & N. R. Co. v. Perkins, 152 Ala. 133, 44 South. 602; Woodward Iron Co. v. Cooper, 202 Ala. 420, 80 South. 804. The penalty of the statute is that prescribed by its terms, and the statute is not susceptible of the interpretation given in the opinion. Code 1907, § 384; Bettis v. Taylor, 8 Port. 564; M. & O. R. Co. v. Seales, 100 Ala. 368, 13 South. 917; Street v. Griffin, 201 Ala. 397, 78 South. 965; Russell v. Bush, 196 Ala. 309, 71 South. 397; Goodwater Co. v. Street, 137 Ala. 621, 34 South. 903.

ANDERSON, C. J. [1] Section 3841 of the Code of 1907 reads as follows:

"In an action of ejectment, or in an action in the nature of an action of ejectment, the defendant may, by notice in writing to the plaintiff or his attorney, not less than ten days before the trial of the cause, demand an abstract in writing of the title or titles on which he will rely for a recovery, and the plaintiff must be confined to the proof of such title or titles; and when such abstract is demanded by the defendant, he must tender, if demanded by the plaintiff or his attorney, five days before the trial, an abstract of the title or titles on which he will rely for defense, and on trial shall be confined to such title or titles."

It should be observed that this provision fixes no exact time for furnishing the abstract, but evidently contemplates that it should be furnished before entering into the trial, as it is intended to inform the opposite party as to what line of title will be relied upon—certainly before the introduction of evidence by the party whose duty it is to furnish the abstract.

There is no penalty fixed for a failure to produce the abstract, the only one being that the proof must be confined to the title disclosed by the abstract furnished, though the trial court no doubt has the inherent power to enforce a compliance with the demand before compelling the parties to go to trial, upon a request from the party demanding same, who should make a showing that the demand had been made and not complied with, and to continue or delay the cause until the same is furnished upon terms, and to render judgment or nonsuit for a default after the time fixed by the court for the production.

[2, 3] A party, however, cannot sit quietly by and enter into the trial, without first ascertaining if the abstract is on hand or seeking an inspection of same, and rely upon springing a surprise upon his adversary by objecting to all of his proof because no abstract had been previously furnished. These appellees, by announcing ready and entering into the trial without ascertaining that the abstract was on hand or seeking an inspection of same, waived the failure to tender same before the trial was entered upon. Hoyle v. Mann, 144 Ala. 516, 41 South. 835. Having waived the failure to produce the abstract before the trial was begun, the defendants should have accepted same when offered, which was immediately after the attention of the court and the then counsel for plaintiff, former counsel having died, had been called to the demand, and immediately after plaintiff offered his first piece of evidence. If the defendants wanted time to examine the abstract, or if the title thereby disclosed took them by surprise, they should have appealed to the trial court for a proper suspension or delay of the trial. It does not appear from this record, however, that this plaintiff was in default; presumptively, the abstract was in court when the trial was begun, though not tendered to the defendants, as the record shows that the document, of which Exhibit A is a copy, was offered to defendants' counsel when attention was called to the demand.

We think that the trial court erred in not permitting the plaintiff to offer proof of his title simply because the abstract had not been actually tendered to defendants' counsel before the trial was begun.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, THOMAS, and MILLER, JJ., concur.

SOMERVILLE, J. (dissenting). The language of the statute (section 3841 of the Code) is simply that the defendant "may demand" of the plaintiff an abstract of the title, or titles, on which he may rely, and there is no express prescription of the time within which it must be delivered to the demandant, and no provision for any penalty in case of the plaintiff's noncompliance with the demand, except that no title or titles not thus set out can be proved.

The evident purpose of the statute is to enable a demandant in ejectment to be informed, *before he enters upon the trial*, of the nature and sources of his adversary's title; and the right to demand that information would be of no avail unless the information were seasonably furnished when demanded.

The statute is clearly mandatory in its restriction of the party to proof of such title or titles as he has set out in the ab-

stract furnished by him; and, as a matter of statutory policy, it is difficult to find a reason for holding that a plaintiff's failure to furnish any abstract at all would leave him in a better position than would a partial compliance.

We think that a tender of the abstract demanded, or of any additions thereto, is not seasonably made after the parties have announced ready and the trial begun. Nevertheless, if in such a case the party in default offers a reasonable excuse for his failure to seasonably tender the abstract demanded, the trial court may and should, in its sound discretion, allow him to make proof of his title as though the abstract had been seasonably tendered; subject, of course, to the *right* of the other party, on his motion, to have a *continuance* of the cause, at the cost of the party in default. A like procedure might be followed where an abstract has been seasonably tendered, from which material muniments of title have been omitted. See Hoyle v. Mann, 144 Ala. 516, 519, 41 South. 835.

In the instant case, the trial court evidently considered the mere statement of inadvertence an insufficient excuse, in view of the evidence before it of repeated demands for the abstract, made 2 years and 60 days, respectively, before the trial of the cause. I am unwilling to hold that in so ruling the trial court abused its discretion so as to justify a revision of its action by this court.

I cannot agree that the trial court may, for such a default, render a judgment by default, or order a judgment of nonsuit, even though the default be repeated after an extension of time for compliance. The only legal consequence of default is that which is expressly stated in the statute—the mandatory· exclusion of all proffered muniments of title which would properly have appeared in an abstract. To impose any other penalty would be, it seems to me, judicial legislation pure' and simple.

Nor can I agree that any duty rests upon the party who has once demanded the abstract in the manner prescribed by the statute, to again demand it when the case is called for trial—for the very obvious reason that the statute makes no such requirement. I can see in such a situation no reason whatever for holding that the demand· ant's failure to object to entering upon the trial is a waiver of his statutory right to exclude from the evidence such muniments of title as have not been noted in a written abstract duly tendered.

Many suits in ejectment have been prosecuted or defended without reliance upon any muniments of title, but upon prior possession, or upon adverse possession, merely. So, one who makes a demand for an abstract of title to which the other party makes no response has a right to assume that no doc-

umentary title will be relied upon by his adversary, and that the only title to be dealt with will be one based upon prior or hostile possession. If the case could be tried only upon documentary evidence, there might be some foundation for charging the demandant of an abstract with a waiver of his statutory rights if he entered upon the trial without objection because of its nonproduction. But why should the *demandant* be required to "ascertain that the abstract is on hand," or "seek an inspection" of it, when the statute requires the *other party* to bring it to *him?* Surely this·is reversing the mandate of the statute.

Under the majority ruling, a party who is called upon for an abstract may willfully and flagrantly disregard the demand, and by so doing impose upon his adversary the necessity of either waiving his· rights in the premises, or of praying for an undesired continuance—a result highly prejudicial, it may be, to the demandant, and highly beneficial to the other. It offers, indeed, a simple expedient for securing a desired and, it may be (to the other party), oppressive delay, by one who willfully fails in· his duty.

The case of Hoyle v. Mann, 144 Ala. 516, 41 South. 835, cited as authority for the majority view that the demandant in this case waived his rights by going to trial without *again* demanding then and there to have an abstract of plaintiff's title, does not support that view. It holds merely that the abstract demandable under this statute need·not contain a full. outline of the deeds or other muniments relied on, as abstracts ordinarily do, but is sufficient if it informs the other party by general and intelligible reference; and· that when an abstract is tendered which *does* refer to the several muniments relied on, any objection for want of *fullness* should be made before going into trial.

My view of the matter is that when the demandant objected to the introduction of plaintiff's deeds because not noted in any abstract—as to the tender of which plaintiff was in ·default—the burden was upon plaintiff to explain and excuse his default.

If, then, the trial court had found that the default was excusable, it would have overruled defendant's objection, and defendant's only recourse would have been to move for a continuance, if desired, which would have been granted as of course, at the cost of plaintiff. If, on the other hand, ·the court had found that the default was not excusable (as it evidently did), it could properly, in the exercise of a sound (and. of course, revisable) judicial discretion, enforce the penalty prescribed by the statute.

I fear that my Brothers of the majority have, by unwarranted judicial construction, reduced the statute to practical futility.

SAYRE and GARDNER, JJ., concur.