LEUNIS COMPANY, APPELLANT, v. JOSEPH S. SINGER ET AL., RESPONDENTS.

Submitted May 2, 1925—Decided October 6, 1925.

A letter received in due course of mail, apparently in response to a letter sent by the receiver, is presumed, in the absence of any showing to the contrary, to be the letter of the person or corporation whose name is signed to it. It is admissible in evidence, without proof of the defendant's handwriting, being an exception to the rule requiring proof of handwriting.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Insley, Vreeland & Decker.*

For the respondents, *William Perlis.*

The opinion of the court was delivered by

BLACK, J. The only point involved in this appeal is one of evidence. A judgment of nonsuit against the plaintiff was

entered in the trial court. The suit was brought to recover the balance due on a book account. The book account was made up of goods delivered under a purported order dated June 17th, 1922. The order was acknowledged by the plaintiff, under date of June 19th, 1922. The order consisted of one milion paper *"spectacles,"* printed on two hundred-pound stock in three colors as per sample. The goods were delivered between June 15th and July 21st, 1922. The transaction grew out of a letter dated June 15th, 1922, addressed by the plaintiff to Singer Brothers, 326 Montgomery street, Jersey City, one of the defendants, in which the order for the goods is referred to, asking for a confirmation of the order. (*Exhibit P 4*.) The next in time and sequence of events is the letter dated June 17th, 1922, purporting to be a reply to the plaintiff's letter of June 15th, 1922, but it carefully avoids mentioning that letter. This was on the letterhead of Singer Brothers, 326 Montgomery street, Jersey City, New Jersey. It was addressed to the plaintiff: "Gentlemen: Kindly enter our order for one million paper specialties as per sample submitted to Singer Candy Works and approved by Mr. A. H. Bernstein. To be delivered to Singer Candy Works, 225 New York Ave., Jersey City, N. J. Very truly yours, Singer Bros., J. S. S. J. S. S./RS." It was this letter that the trial court excluded as evidence. This ruling of the court was excepted to by the plaintiff's attorney. The letter was in typewriting, both the body and signature. "Singer Bros." followed, in ink, with the initials "JSS," which are the initials of one of the defendants. Apparently, it carefully avoids referring to the plaintiff's letter. There was no further proof of the signatures.

The sharp legal questions presented for solution, therefore, is whether the letter of June 17th, 1922 (*Exhibit P 5*) is admissible in evidence without any further proof of the signatures. This letter is the foundation of plaintiff's suit, as it contains the order under which the goods were furnished. The entire order amounted to $2,372.07, on which there had been paid $1,556.61, leaving a balance due of $815.46, for which the suit was brought.

Under well-recognized authorities this letter was admissible in evidence. It was error to exclude it from the jury. The rule is stated by the standard text-book writers. 1 *Greenl. Evid.* (16*th* ed.) 722, §§ 573a, 575c.

A further exception to the rule requiring proof of handwriting has been admitted, in case of letters received in reply to others proved to have been sent to the party. Thus, where the plaintiff's attorney wrote a letter addressed to the defendant, at his residence, and sent it by post, to which he received a reply purporting to be from the defendant, it was held, that the letter thus received was admissible in evidence, without proof of the defendant's handwriting, and that letters of an earlier date might also be read without other proof. So, to the same effect is 3 *Wigm. Ev.*, § 2153. After stating the reasons for the rule, that writer says, there seems to be here adequate ground for a special rule declaring these facts, namely, arrival by mail of a reply purporting to be from the addressee of a prior letter duly addressed and mailed, are sufficient evidence of the reply's genuineness to go to the jury. Such a rule, varying slightly in the phraseology of different judges, seems now to be universally accepted. The same rule is declared in *Jones Ev.* (2*d* ed.), § 52; 2 *Whart. Ev.* (3*d* ed.), § 1328. Many cases will be found collected in a note to the case of *Maynard* v. *Bailey,* 9 *Am. L. R.* 989; 10 *R. C. L.* 878, § 24; 22 *Corp. Jur.* 908, § 1111, where the rule is formulated substantially, as above stated, from the text-book writers. The rule is illustrated and applied in many cases, such as *National Accident Society* v. *Spiro,* 78 *Fed. Rep.* 774; *White* v. *Tolliver,* 110 *Ala.* 300; *Barham* v. *Bank of Delight,* 94 *Ark.* 158; 27 *L. R. A.* (*N. S.*) 439; *Fisher* v. *Carter,* 178 *Ia.* 636; *Lancaster* v. *Ames,* 103 *Me.* 87; 17 *L. R. A.* (*N. S.*) 229, *and note; American Binding Co.* v. *Ensey,* 105 *Md.* 211; *Echerd* v. *Viele,* 164 *N. C.* 122; *Louisville, &c.., R. R. Co.* v. *O'Brien,* 168 *Ky.* 403.

The judgment of the trial court is reversed with an award of a *venire de novo.*