Irving Younger, J.
In the course of trying this personal injury action, there arose a problem in evidence the solution of which seemed to elude plaintiff’s attorney. For whatever assistance it will be to him, and because others may find it useful, I am filing this memorandum.
To support her case on damages, plaintiff called as a witness Dr. Stanley Wolfson, a specialist in radiology. Dr. Wolfson testified that plaintiff had been sent to him by the treating physician and that, in due course, Dr. Wolfson had taken a number of X-ray photographs of plaintiff’s spine. After studying them, he wrote a report setting forth his conclusions and sent it, together with the X-ray plates, directly to the treating physician. All that Dr. Wolfson had with him as he sat on the witness stand was a copy of his report. Having refreshed his recollection from it, he was asked to describe what he had found in the X rays and to state his opinion with respect to plaintiff’s physical condition. At this point, defense counsel objected. In order to afford plaintiff an opportunity to make her record, the jury was excused, and Dr. Wolfson completed his testimony in its absence. He said that the X rays showed a flattening of plaintiff’s lumbar lordosis and a scoliosis of her mid-lumbar spine with convexity towards the left, from which he would conclude that plaintiff was suffering from the consequences of a lumbar-sacral sprain. As to the whereabouts of the X-ray plates, Dr. Wolfson knew only that he had sent them to the treating physician. That gentleman did not testify. Plaintiff’s counsel did not have the plates in his possession, nor did he explain his failure to produce them. I sustained defendants’ objection and, upon the jury’s return to the courtroom, excused Dr. Wolfson.
The problem, then, is whether Dr. Wolfson, without the X-ray plates, might describe what he had seen in them and state the significance he ascribed to his observations. Two lines of analysis are available, each of which leads to the same conclusion — that Dr. Wolfson’s testimony is inadmissible.
First, the best evidence rule. This oft-mentioned and much misunderstood rule merely requires a party who seeks to prove the contents of a document to offer, in evidence the original copy of that document. (Taft v. Little, 178 N. Y. 127, 133 [1904]; Mahaney v. Carr, 175 N. Y. 454, 462 [1903]; Butler v. Mail & Express Pub. Co., 171 N. Y. 208, 211 [1902]; Thayer, Preliminary Treatise on Evidence, p. 503 [1898].) If he does not, but rather offers secondary evidence (such as a photostat, a carbon, or a witness’ viva voce description of the document), the adver *638 sary’s objection must be sustained. But if the proponent explains his failure to offer the original copy of the document, he may then proceed to prove its contents by whatever secondary evidence is available to him. (4 Wigmore, Evidence, § 1192 et seq. [3d ed., 1940].) A “ document ”, within the meaning of the best evidence rule, is any physical embodiment of information or ideas — -a letter, a contract, a receipt, a book of account, a blueprint, or an X-ray plate. (Cellamare v. Third Ave. Tr. Corp., 273 App. Div. 260 [1st Dept., 1948] [Per Curiam]; Gursslin v. Helenboldt, 259 App. Div. 1064 [4th Dept., 1940].)
So much for basics. Here, plaintiff asked Dr. Wolf son to describe what he saw when he looked at the X-ray plates. This was secondary evidence of their contents. The best evidence rule, we see, requires plaintiff to offer the originals, which, in the instance of X rays, would be the familiar negative plates one “ reads ” by affixing to a shadow box. Plaintiff’s failure to offer these original plates would have been excused had counsel explained his failure (by proof competent for that purpose, needless to say). This he did not do, and henee I sustained defendants’ objection.
Second, Dr. Wolfson’s opinion. Without question, Dr. Wolf-son is an expert in radiology. An expert’s opinion is admissible in evidence to the extent that it will appreciably help the jury to analyze the proof, find the facts, and render a verdict. (Richardson, Evidence [9th ed., 1964], § 387, p. 379.) (See Dougherty v. Milliken, 163 N. Y. 527, 533 [1900] ; United States v. Hiss, 88 F. Supp. 559 [S. D. N. Y., 1950].) Thus an expert’s opinion must be based upon the record. (People v. Samuels, 302 N. Y. 163, 172 [1951]; People v. Patrick, 182 N. Y. 131, 172-173 [1905].) H it is not, if it is based upon information outside the record, the opinion cannot, virtually by definition, help the jury, since the jury’s function is to deal with the evidence in the case. So it is that an expert’s opinion based upon information not in evidence must be excluded; it is technically immaterial.
Turning to the ease at bar, we observe that Dr. Wolfson’s opinion to the effect that plaintiff was suffering from the consequences of a lumbar-sacral sprain was based upon information not in evidence. It was based wholly upon the X-ray plates, and those plates, as discussed above, were strangers to the record of this trial. I therefore sustained defendants’ objection.
Paranthetically, I should note that CPLR 4515 does not help plaintiff. CPLR 4515 states that ‘ ‘ questions calling for the opinion of an expert witness need not be hypothetical in form, and the witness may state his opinion and reasons without first *639 specifying the data upon which it is based.” Its purpose is to permit counsel to forego the hypothetical question. By no means does it affect the underlying doctrine that the expert’s opinion must rest upon the record. If an expert testified, pursuant to CPLR 4515, first as to his opinion and next as to its basis, whereupon it appeared that the basis included information not in evidence, the Judge would be obliged to strike the opinion. (Richardson, Evidence, § 390, p. 385.)
Here, the consequence of my sustaining defendants’ objection to Dr. Wolfson’s testimony was a rather complicated excision from the jury’s ken of part of another physician’s opinion based upon Dr. Wolf son’s. That, however, is a matter of interest only to counsel in this case, and so I leave it in the obscurity of the stenographer’s minutes.