# Lassitter *v.* Lee.

### *Statutory Real Action in Nature of Ejectment.*

1. *Sec. 93 of Revenue Law of 1868 unconstitutional.*—Section 93 of the Revenue Law of 1868 (Pamph. Acts 1868, p. 327), providing that before any person claiming title to real property sold for taxes under the act, shall be entitled to prosecute or defend any suit against any person claiming such property under any tax sale, he shall desposit with the court having jurisdiction of the case double the amount of the purchase money, together with all taxes and interest accruing since the sale, and the value of improvements made by the purchaser, prescribes a condition precedent so unreasonable as to seriously impede and impair rights guaranteed by sections 12 and 15 of article 1 of the constitution of 1868, and is, therefore, unconstitutional.

2. *Sale of land for taxes ; assessment to unknown owners.*—Where land was regularly assessed under the Revenue Law of 1868 to an "unknown owner," and a sale of the land for the taxes so assessed was conducted according to the requirements of the statute, the validity of the sale is not affected by the fact, that the owner was known to the purchaser.

3. *Lands sold for taxes ; statute of limitation of five years.*—The limitation of five years prescribed by section 92 of the Revenue Law of 1868, within which actions for the recovery of lands sold for taxes must be brought, commences to run from the delivery of the deed by the judge of probate, which, in the contemplation of the statute, is the true date of the sale.

4. *Same.*—As that law makes a tax deed executed in substantial conformity to its provisions, *prima facie* evidence that the land conveyed was subject to taxation for the year or years stated in the deed, and that the taxes were not paid before the sale, the statute of limitation of five years is a good defense to the purchaser in possession, although the taxes had been paid by the owner at the time the sale was made.

APPEAL from Choctaw Circuit Court.

Tried before Hon. LUTHER R. SMITH.

This was an action in the nature of ejectment, brought by John H. Lee and others, the appellees, against the appellant for the recovery of a tract of land situate in Choctaw county, and which had been sold for taxes and purchased by the appellant; and was commenced on 1st October, 1879.

[Lassitter v. Lee.]

The appellant, defendant in the court below, pleaded in abatement of the action, that "he purchased the lands sued for at a tax sale, and the plaintiffs have not deposited in this court as required by law, double the amount of the purchase money, and the value of the improvements made by the defendant." To this plea the plaintiffs interposed a demurrer which was sustained by the court; and the defendant then pleaded in bar a purchase by him at tax sale on 6th June, 1870, and possession thereunder for more than five years prior to the commencement of the suit, and that the action was barred by the statute of limitation of five years. To this plea the plaintiffs replied, "that said lands belonged to them; and that the tax assessor of said county regularly assessed said land to them from the year 1866 to the present time; that the amount of taxes so assessed were regularly paid to the tax collector for said county by said plaintiffs, by their agent; that no taxes were due on said lands at the time said lands purport to have been sold by the said tax collector of said county, nor since. And plaintiffs aver that said lands were sold without authority of law, and the sale is therefore void." The defendant demurred to the replication, and his demurrer having been overruled by the court, the cause was tried upon the pleadings as above stated, and the trial resulted in a verdict and judgment for the plaintiffs.

The evidence introduced on the trial tended to show, that in 1870 the plaintiffs were the owners of the lands sued for; that at a tax sale made on the 6th June, 1870, the defendant purchased said lands, and receiving a certificate of purchase therefor from the tax collector, he took possession of them thereunder, in the fall of 1870, and commenced at once to erect improvements thereon; "that at the time prescribed by law the probate judge duly and regularly executed to him a deed for said lands, which deed was duly acknowledged and recorded and was offered and put in evidence before the jury, and that he has been in the peaceable and quiet possession of the said lands since 1870," claiming under his said purchase. Evidence was also introduced tending to show that from 1866 up to the date of the trial, the plaintiffs, acting by their agent, had paid the taxes on said lands, and at the time of the tax sale no taxes were due thereon; that said lands, at the time of the purchase by the defendant, were assessed to an "unknown owner," and that at the time the assessment was made and at the time of the sale, the defendant knew that the plaintiffs were the owners of the lands. But as to the payment of the taxes on the lands by the plaintiffs for the year for which they were sold, and as to defendant's knowledge that the plaintiffs were the owners, there

[Lassitter v. Lee.]

was a conflict in the evidence. The court charged the jury, (1) that if they believed from the evidence "that defendant bought the lands at a tax sale in 1870, and knew that, at the time said lands were sold as assessed to an unknown owner, they really belonged to the plaintiffs, then the sale would be fraudulent and void;" and (2) that "the statute of limitations of five years would not apply, if the jury believe that plaintiffs paid the taxes for the year that the defendant claims they were sold for non-payment of taxes, and assessed to an unknown owner." To the giving of these charges the defendant excepted.

The errors here assigned are the rulings of the Circuit Court on the pleadings, and the giving of the two charges above noted.

GLOVER & TAYLOR, for appellant.

THOS. B. WETMORE, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—This is an action of ejectment, or a real action in the nature thereof, brought under the statute. The defendant relied on a title acquired by purchase at a tax sale on June 6th, 1870, a few months after which he went into possession under a certificate of purchase from the tax collector, receiving a deed from the probate judge within the time prescribed by law.

The first ruling of the court assigned for error is the sustaining of the plaintiff's demurrer to the plea in abatement filed by defendant. This ruling, in effect, pronounced section 93 of the Revenue Law of December 31, 1868 (Session Acts, 1868, p. 327), to be unconstitutional. It is in the following language :

"Sec. 93. Be it further enacted, That before any person, claiming title to real property sold for taxes under this act, shall be entitled to prosecute or defend any suit against any person claiming such property under any tax sale, he shall deposit with the court having jurisdiction in the case, double the amount of the purchase money, together with all taxes and interest accruing since the sale, the value of improvements made by the purchasers, said improvements to be valued by three disinterested persons, and the probable amount of costs of suit."

We think this section is clearly unconstitutional, as an unwarrantable infraction of several provisions of the fundamental law of the State. This was expressly so held in the

case of *Whitworth v. Anderson*, 54 Ala. 33, and we fully concur in the conclusion there announced.

It is an unreasonable condition attached to the right of suit in the courts, and is violative of section 12, article 1, of the constitution of 1868, which declared that "no person shall be *debarred from prosecuting or defending*, before any tribunal in this State, by himself, or counsel, *any civil cause to* which he is a party." Such conditions are indirect prohibitions.

It is also repugnant to section 15 of the same article, which provided that "all courts shall be *open*, and that every person for any injury done him, in his lands, goods, person or reputation, shall have a remedy by due process of law ; and *right* and *justice* shall be administered *without sale, denial* or delay."

It may be that reasonable tax-fees, imposed by law against unsuccessful litigants, and not unjustly discriminating, would not be in contravention of these provisions.—*Harrison v. Willis* (7 Heisk. 35), 19 Amer. Rep. 604. Or that a payment or deposit of the legal taxes due on land with costs, for which the sale in question may have been made, could be sustained, as a reasonable condition.—Cooley on Tax. (1876) p. 376, 320. But where such a condition precedent is so unreasonable as to seriously impede, impair or cripple the rights designed to be guaranteed by these articles of the constitution, it can not be upheld or sustained by the courts.— *Wilson v. McKenna*, 52 Ill. 43; *Reed v. Tyler*, 56 Ill. 288; *Weller v. St. Paul*, 5 Minn. 95; Cooley on Tax. 320, 373; *South & North Ala. R. R. v. Morris*, 65 Ala. 193.

If the assessment of the land sold at tax sale was regular, and the sale was otherwise conducted according to the requirements of the statute, it would not be rendered fraudulent or void, or its validity affected, by the mere knowledge of the purchaser, that the owner was *known* at the time the assessment was made, although made to "owner *unknown.*" The knowledge of the purchaser is a fact totally irrelevant to the question of the legality of the sale. It is not enumerated among the grounds which render such sale void, and the court erred in so holding.

In *Jones v. Randle, ante* p. 258, it was settled, that the statute of limitations of five years, prescribed by section 92 of the Revenue Law of 1868 (Acts 1868, p. 327), commenced to run from the *delivery of the tax deed* to the purchaser, which is construed to be the true date of the *sale*, in contemplation of the statute. No action will lie for the recovery of real estate sold for taxes after the lapse of five years from such date. This law has the force, purpose and effect, in a proper case, of an ordinary statute of limitations.

Vol. lxviii.

[Block v. Bragg.]

And as the revenue law (section 87) makes a tax deed, executed in substantial conformity to its provisions, to be *prima facie* evidence, in all the courts of the State, that the land conveyed was subject to taxation for the year or years stated in the deed, and that the taxes were not paid at any time before the sale, the statute of five years limitation would be available, even though the taxes had been paid by the owner at the time the sale was made.—*Stoudenmire v. Brown*, 57 Ala. 481. And though the sale may have been void, because the assessment was made to "owner unknown," while the owner was in open occupation of the land, as held in *Oliver v. Robinson*, 58 Ala. 46, this would not preclude or stop the running of the statute of limitations under the provisions of section 92 of said revenue law. Whether the sale be valid or void, the occupancy of the land under a tax deed, executed and delivered in conformity to law, for a period of five years from such delivery, would be a good defence to the action.

Some other points are raised by the record, which are not likely to arise on a second trial, and are not therefore considered.

Under these views we are compelled to reverse the judgment of the lower court, and remand the cause, which is hereby done accordingly.