# Capehart *v.* Guffey.

### *Statutory Action of Ejectment.*

130 425
131 192

1. *Ejectment; tax sale; statute of limitations.*—Under the provisions of the statute (Code, §§ 4074, 4089), an action of ejectment for the recovery of lands sold for the payment of taxes, is barred if not commenced until after the lapse of three years from the date when the purchaser became entitled to demand a deed from the probate judge of the county wherein said lands were situate; he being entitled to demand the deed after the expiration of two years from the date of the sale.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of ejectment brought by the appellant against the appellee. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court, at the request of the defendant, gave the general affirmative charge in its behalf. To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN A. LUSK and D. ISBELL, for appelllant, cited *Flowers v. Jernigan*, 116 Ala. 516; *Parker v. Boutwell*, 119 Ala. 302; *Smith v. Cox*, 115 Ala. 503.

D. A. STREET, *contra*, cited *Lassiter v. Lee*, 68 Ala. 287; *Pugh v. Youngblood*, 69 Ala. 296; *Stoudenmire v. Brown*, 57 Ala. 481; *Oliver v. Robinson*, 58 Ala. 46; Black on Tax Title, §§ 283, 284.

HARALSON, J.—Section 4074 (592) of the Code provides: "After the expiration of two years from the date of the sale of any real estate for taxes, the judge of probate then in office, must execute and deliver to each purchaser, other than the State, or person to whom the certificate of purchase has been assigned, upon the return of the certificate and payment of the fee of one dollar to the judge of probate, a deed to each lot or parcel of real estate sold to such purchaser, and remaining unredeemed, including therein if desired by the purchaser, any number of parcels or lots purchased by him at such sale; and such deed shall convey to, and vest in the grantee all the right, title, interest and estate of the person whose duty it was to pay the taxes on such real estate, and the lien and claim of the State and county thereto," etc.

This section is the same as section 592 of the Code of 1886, except that in said section 592, it was provided that the deed of the probate judge *"when properly acknowledged and recorded,"* shall convey to, and vest in the grantee all right, title, interest and estate of the former owner of such real estate, etc. Said section 4074 of the Code of 1896, was amended by leaving out the words we have quoted and italicized above.

Section 4089 (606) provides: "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefore; but, if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs, or legal representatives, shall be allowed three years after such disability is removed to bring suit for the recovery thereof," etc. None

of the exceptions provided for, disentitling the purchaser to demand a deed, exists in this case.

In the Code of 1876, section 464, the period of limitation of actions for the recovery of lands sold for taxes, was "five years after the date of the sale thereof." In *Jones v. Randle*, 68 Ala. 258, it was held, that this satutory bar began to run only from the time the deed was executed by the judge of probate to the purchaser at tax sale. This statute found modification in the act of the legislature carried into the Code of 1886 as section 606, where it was provided, that the action was barred, "unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefore;" and the same provision is contained in said section 4089 of the Code of 1896. By section 592 of the Code of 1886, the purchaser was not entitled to demand a deed until "after the expiration of two years and six months from the date of the sale;" and by act of 1887, p. 3, section 33, carried into the Code of 1896, as section 4074, that period was changed to two years from the date of sale.

It appears that on the 25th day of June, 1894, the lands sued for were sold by the tax collector of the county for the taxes assessed against the same for the year 1893, at which sale H. D. Walls became the purchaser for the taxes, cost and expenses, amounting to $16.60, which he paid in cash to the collector, and received from him a certificate of said purchase, of which, by assignment from said H. D. Walls, the defendant became the owner.

On the 26th June, 1896, therefore, under the provisions of said section 4074 (592) of the Code, the purchaser of said lands at their sale for taxes, was entitled to demand his deed from the judge of probate to said lands—the two years from the date of sale by that time having expired. On the 26th June, 1899, the three years from the date when the purchaser (or his assignee) became entitled to demand a deed from the judge of probate, as provided under said section,—4089 (606) of the Code,—expired, which was the full period prescribed by said section as a limitation against any action for the recovery of real estate sold for taxes.

[Jordan *et al.* v. Farrow, Guardian, *et al.*]

This action was not commenced until the 29th day of August, 1899, more than three years from the date when the purchaser became entitled to demand a deed. By the terms of the statute, therefore, the plaintiff's action was barred at the commencement of the suit.

It is shown without conflict, that the plaintiff and those under whom he claims occupied the land until 1892, when it became vacant and so remained until February, 1895, when defendant took possession under the certificate of purchase at said tax sale; that he has since August, 1895, claimed the land as his own, and has been in the actual occupancy thereof down to the trial, in the exercise of acts of ownership, showing his adverse possession thereof; that no person except himself has been in the possession of any part of the premises since the Spring of 1895, and that he has paid the taxes on said land each year since 1895. It was not shown that in this time, the plaintiff has set up any claim to or occupied any part of said land, or that he has paid the taxes on the same, before the sale, which had been assessed against it and for which it was sold.

On the defense of the statute of limitations of three years alone, the court was justified in giving the general affirmative charge requested for defendant. It is unnecessary, in this view of the case, to notice any other questions raised and discussed.

Affirmed. ·