# Bedsole, *et al. v.* Davis.

## *Ejectment.*

(Decided November 7, 1914.   66 South. 491.)

1. *Taxation; Sale; Redemption; Limitation.*—Under the provisions of section 2311, Code 1907, an action of ejectment is barred against one claiming under a tax sale, who, during the years 1900-6, turpentined and logged the land, although his predecessor had for many years taken no possession of the land, it being timber land.

2. *Evidence; Lost Records; Secondary Evidence.*—Where the record of the sale was lost, and no copy of the notice thereof existed at the time of the trial, the court might resort to secondary evidence and permit witnesses who knew the contents of the lost records to testify as to their recollection of its contents, the action being to recover land claimed by defendant under a tax sale.

3. *Adverse Possession; Jury Question.*—Ordinarily, adverse possession is a question to be submitted to and determined by the jury.

4. *Ejectment; Directing Verdict.*—Where the evidence showed that neither plaintiff nor his ancestors had been in possession of the land for thirty years, and that for the defendant showed that his predecessor purchased the same at tax sale, and that such predecessor through his licensees had held the land for a longer period than the three year limitation, defendant was entitled to have a verdict directed, the action being ejectment for the land.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by W. H. Bedsole and others against P. D. Davis.   Judgment for defendant and plaintiffs appeal.   Affirmed.

J. A. CARNLEY, for appellant.

W. W. SANDERS, for appellee.

DE GRAFFENRIED, J.—The ancestor of the plaintiffs entered the lands sued for, from the federal government, and the plaintiffs claimed title through him. According to all the testimony the plaintiffs had never been in possession of the lands, and for more than 30 years before the commencement of the suit the ancestor had not had them in possession. The theory of the defendant was that the lands were sold on the first Monday in June, 1885, for taxes, and were bought by H. L. Martin, that Martin had, for more than three years before the bringing of the suit, been in the adverse possession of the lands as such purchaser, thereby acquiring perfect title to the land—if, for any reason, there was a technical defect in the sale of the land for taxes—and that, before the bringing of the suit, the said Martin had conveyed the lands to the defendant and placed him in possession of them.

Section 2311 of the Code of 1907 provides as follows: "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs, or legal representatives, shall be allowed three years after such disability is removed to bring suit for the recovery thereof; but this section shall not apply to any action brought by the state; provided, however, that the provisions of this section shall not apply to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale; nor shall they apply to cases in which the real estate sold was not, at the time of the assessment, or of the sale, subject to taxation."

[Bedsole, et al. v. Davis.]

The above provision of the law was operative when these lands were sold for taxes, and has continuously been operative since that time.

We are satisfied from the evidence that when these lands were sold for taxes they were covered with timber, and that for many years after Martin bought them no actual possession was taken of them. We are, however, satisfied from the evidence that during the years 1900, 1901, 1902, 1903, 1904, 1905, and 1906, the lands were, with the knowledge and consent of Martin, turpentined and logged by parties who were acting as licensees of Martin and solely as his licensees. In other words, we think that the evidence shows without dispute that Martin, through his licensees, was, after he became entitled to a deed to the land by virtue of his purchase at the tax sale, in the actual, peaceable, visible, adverse possession of the lands, claiming them as his own, certainly from 1900 to the fall of 1906. This was *before* the lands were conveyed by Martin to the defendant, and this, under the above statute, barred the plaintiff's right of action. The case of *Long et al. v. Boast,* 153 Ala. 428, 44 South. 955, is decisive of this proposition. See further, on this subject, *Capehart v. Guffey,* 130 Ala. 425, 30 South. 390; *Pugh v. Youngblood,* 69 Ala. 296; *Lassitter v. Lee,* 68 Ala. 287; *Jones v. Randle,* 68 Ala. 258.

We direct attention, in citing the above authorities, to the fact that under the statute as it existed when the cases of *Lassitter v. Lee, supra,* and *Jones v. Randle, supra,* were decided, the *then* statute of limitations of *five* years, by reason of the verbiage of the statute, was held to commence to run *only* after the *delivery* of the *tax deed* and the *taking of possession* thereunder.

An examination of the above quoted section of the Code will show that the *present* statute of limitations

of *three* years begins to run in favor of a purchaser at a tax sale, or his vendee, in actual *possession* on the day "when the purchaser became entitled to demand a deed therefor."—Code 1907, § 2311; *Long et al. v. Boast, supra.*

(2) It appears from the evidence that substantially every court record covering this particular tax sale was lost. It also appears that no copy of the notice which was given of the tax sale was in existence when the trial was had. This being true, the court had a right to resort to secondary evidence; and as there were witnesses who, if they testified truthfully, knew the contents of the lost records and papers, the court properly permitted them to testify to their recollection of the contents of such records and papers. This proposition is so well established that we cite no authorities to sustain it.

(3) The trial court, at the request of the defendant, charged the jury that if they believed the evidence, their verdict should be for the defendant. We see no reason why this action of the trial court should not be upheld. If the evidence of the plaintiffs is true, then neither they nor their ancestors had, for about 30 years, been in possession of the lands. If the evidence for the defendant is true, Martin bought the lands when they were sold for taxes in 1885, and while, for several years thereafter, the lands were permitted to remain in timber and without visible signs of occupation, nevertheless, in 1900, the pine trees upon the land were blazed for turpentine, and for fully five years after that they were in continuous occupancy under claim of right by Martin's licensees. True, no houses were built upon the lands, and they were not cleared of timber nor cultivated. They were, however, turpentined and logged during the above period. It is im-

possible to turpentine a pine tree without so marking it as to attract the notice of those who pass near it. A turpentine orchard in a forest heralds its existence, and we can conceive of but few ways whereby a person can give more effective notice of his occupancy of a tract of pine land than to blaze the trees upon it for turpentine, and then to gather the turpentine from the trees so blazed. While all disputed issues of fact should, and under our law *must*, be submitted to the determination of a jury, unless a trial by jury is waived, when there is no dispute as to the facts and the undisputed facts make out a case for one of the parties to a cause, then that party is entitled to the general affirmative charges in his favor, and when he, in writing, asks such a charge, he is entitled to have it given to the jury.

We are not, in this litigation, dealing with a case of mere ordinary adverse possession, which is usually a question of fact to be determined by a jury under the charge of the court (see *Farmer v. Eslava,* 11 Ala. 1028; *Benje v. Creagh's Adm'r,* 21 Ala. 151; *Herbert v. Hanrick,* 16 Ala. 581), but with a case in which our statute declares that: "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor."

We have already referred to our construction of this statute, and under the authority of *Capehart v. Guffey, supra,* the defendant in this case was entitled to the general affirmative charge which, at his request, the court gave to the jury.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON. C. J., and McCLELLAN and MAYFIELD, JJ., concur.