(98 South. 722)

## LOPER v. E. W. GATES LUMBER CO.
### (1 Div. 229.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Taxation &⟶809(3)—Statement of defense under tax sale held insufficient as plea of tax title in defense to ejectment suit.**

A statement in a good plea setting up a tax title that defendant defends under a tax sale of a certain date is sufficient, if the defense fails because the sale was invalid for any other reason than that the taxes were not due, to entitle defendant, under Gen. Acts 1919, p. 365, § 284, to the benefits of section 282, which is the same as Acts 1915, p. 473, § 234, to the benefits of which he would be entitled under section 236, but is insufficient as a plea setting up a tax title in defense to an action in ejectment.

**2. Taxation &⟶809(3)—Plea of limitation held insufficient.**

Pleas setting up the 3-year statute in defense to an ejectment suit, without alleging that defendant claimed the land under a tax sale or anything showing wherein the statute applied to such a suit, and an amended plea not averring that defendant had been in actual possession under his tax title for the requisite time, held insufficient. Gen. Acts 1915, p. 474, § 239; Gen. Acts 1919, p. 366, § 287.

**3. Taxation &⟶805(4)—Limitation does not run in favor of purchaser at tax sale until he becomes entitled to demand deed.**

The statute of limitations does not run in favor of the purchaser at a tax sale until he is in actual adverse possession and entitled to demand a deed under Gen. Acts 1915, p. 468, § 218, which would not be until 2 years from the date of sale.

**4. Appeal and error &⟶878(3)—Sufficiency of plea held good on demurrers of party obtaining judgment not presented.**

Where plaintiff obtained judgment, the sufficiency of a plea held good on plaintiff's demurrers is not before the Supreme Court on the pleading.

**5. Taxation &⟶805(3)—Limitation against recovery of lands sold for taxes inapplicable where owner paid them before sale.**

The 3-year statutes against recovery of land sold for taxes (Gen. Acts 1915, p. 474, § 239, and Gen. Acts 1919, p. 366, § 287), do not apply where the owner of the realty sold paid the taxes before the sale.

**6. Taxation &⟶810(2)—Patent to plaintiff's predecessor in title held relevant.**

In ejectment against a purchaser at a tax sale, a patent from the federal government to a predecessor of plaintiff in title *held* relevant and competent evidence.

**7. Ejectment &⟶90(2)—Instrument held not invalidated by clerical error in spelling of grantor's Christian name.**

A clerical error in spelling the Christian name of a grantor in the body of a deed and the acknowledgments *held* not to invalidate it, so as to affect its competency as evidence in an ejectment suit.

**8. Ejectment &⟶90(2)—Deeds from corporate predecessors in title held competent.**

In ejectment, deeds signed by plaintiff's corporate predecessors in title by their presidents, attested by their secretaries, duly acknowledged by both, and duly signed and recorded within 12 months after execution, *held* competent and material evidence.

**9. Taxation &⟶810(1)—Burden of proving defense of limitations held on defendant under tax title.**

In ejectment, proof of an unbroken chain of title in plaintiff, possession, actual or constructive, for 14 to 16 years, and the rental value of the property while detained by defendant, made out a clear prima facie case, casting on defendant the burden of proving its defense of the statute of limitations by evidence of actual adverse possession, after becoming entitled to a deed as purchaser at a tax sale, for 3 years before commencement of the suit. Code 1907, § 2311, Gen. Acts 1915, pp. 468, 474, §§ 218, 238, 239, Gen. Acts 1919, pp. 360, 366, §§ 266, 286, 287.

**10. Taxation &⟶814(1)—Defendant's right to reimbursement for taxes paid held waived.**

In ejectment, defendant, by waiving his claim to reimbursement for taxes paid, waived his right, under his plea of adverse possession under a tax title for 3 years, and under Gen. Acts 1915, p. 473, § 234, and Gen. Acts 1919, p. 365, § 282, to prove and secure judgment for the taxes for which the land was sold and taxes paid thereon since, if the defense failed because of invalidity of the sale for any other reason than that the taxes were not due.

**11. Taxation &⟶642—Sale under decree rendered within 10 days after final publication of notice of application invalid.**

A decree directing the sale of property for taxes within 10 days after perfection of notice of the application to sell by its third weekly publication under Gen. Acts 1915, p. 461, § 197, is premature, in view of section 201, and a sale thereunder is invalid, and passes no title.

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Appeal and error ⬅=843(2)—Where defect in sale for taxes is fatal, other defects need not be considered.**

Where a defect pointed out is fatal to a sale for taxes, other alleged defects need not be considered.

**13. Appeal and error ⬅=843(1)—Where appellee was entitled to general affirmative charge given, other alleged errors need not be passed on.**

Where appellee, under clear, uncontradicted evidence, an agreement by the parties, and excluded evidence proposed by appellant, was entitled to the general affirmative charge given with hypothesis, other alleged errors need not be passed on.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Action in ejectment by the E. W. Gates Lumber Company against M. V. Loper. From a judgment for plaintiff, defendant appeals. Affirmed.

Granade & Granade and Wallace P. Pruitt, all of Chatom, for appellant.

Plea 2 follows the exact verbiage of the statute, and was erroneously stricken. Acts 1919, p. 365, § 284. Plea 3 efficiently set up the statute of limitations of three years, and was not subject to demurrer. Acts 1919, p. 366, § 287; Code 1907, § 5383 (32). It is presumed that an officer has substantially complied with the directions of a statute, and defendant's tax deed should have been admitted in evidence. McKinnon v. Mixon, 128 Ala. 612, 29 South. 690; Com'rs Court v. Bowling, 151 Ala. 561, 44 South. 465.

Stevens, McCorvey, McLeod & Goode, of Mobile, and Joe M. Pelham, Jr., of Chatom, for appellee.

It was necessary that defendant have possession of the land for three years from the time he was entitled to a tax deed in order to bar this action. Long v. Boast, 153 Ala. 428, 44 South. 955. The purchaser at tax sale has the burden of showing all statutory requirements in the proceedings. Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Gilliland v. Armstrong, 196 Ala. 513, 71 South. 700. The decree, on tax sale, having been entered before 10 days after completion of publication had expired, was not admissible. Acts 1919, p. 462, § 201; Code 1907, § 2278.

MILLER, J. This is a statutory ejectment suit (following Code form No. 29, p. 1200, vol. 2, Code 1907), instituted by E. W. Gates Lumber Company, a corporation, against M. V. Loper, to recover possession of lots 8 and 10 in block 8, in the town of Yellow Pine, Washington county, Ala. The suit was originally filed against Matt Loper, and on the complaint was indorsed the fact that Matt Loper was the tenant of M. V. Loper, requesting that a copy of the summons and complaint be served on the landlord. The landlord, M. V. Loper, appeared as sole defendant in the cause, and filed pleas to the complaint. The jury returned a verdict in favor of the plaintiff for the land, and from a judgment thereon by the court the defendant prosecutes this appeal.

[1] The defendant filed three pleas to the complaint; the first was general issue; the second stated "the defendant defends under a tax sale of May 29, 1916," which latter plea on motion of the plaintiff was stricken by the court from the file. These facts under section 236, p. 474, Gen. Acts 1915, are sufficient to entitle the defendant to the benefits of section 234 of the act when incorporated in a good plea; but they are insufficient as a plea setting up a tax title as a defense to an action in ejectment, which it attempts to do. If these facts are stated in a good plea setting up a tax title to the complaint and the defense fails on the ground the sale is invalid for any other reason than that the taxes were not due, then the defendant would be entitled to the benefits of section 282, p. 365, Acts 1919, which is the same as section 234, p. 473, Acts 1915. The court did not err in striking it from the file as a defense to the cause of action stated in the complaint. Gen. Acts 1919, p. 365, § 284; Gen. Acts 1915, p. 474, § 236.

[2] Plea 3, as originally filed, stated defendant "saith that this action is barred by the statute of limitations of three years." This plea fails to allege defendant claims the land under a tax sale; there is nothing in the plea showing wherein the 3-year statute applies to an ejectment suit; and the demurrers to it were properly sustained by the court. Section 239, p. 474, Gen. Acts 1915; section 287, p. 366, Gen. Acts 1919. This plea (3) as amended failed to aver the defendant had been in actual possession of the land under his tax title sufficient time prior to the commencement of this suit to invoke the 3-year statute of limitations. Gen. Acts 1919, p. 366, § 287; Gen. Acts 1915, p. 474, § 239; Long v. Boast, 153 Ala. 428, 44 South. 955.

[3] This suit was commenced on May 9, 1921. Plea 3 as amended avers the defendant purchased said land at tax sale held on May 29, 1916; and the defendant, the purchaser, under the statute (section 218, p. 468, Acts 1915), after the expiration of 2 years from May 29, 1916, became entitled to demand a deed therefor from the probate judge. Section 218, p. 468, Gen. Acts 1915. The statute of limitations does not begin to run in favor of the purchaser at a tax sale until the purchaser is in actual adverse possession of the land, and until the day "when the purchaser became entitled to demand a deed therefor." This statute begins to run

on the day when the purchaser became entitled to demand a deed for the land, if the purchaser was then in actual adverse possession of the land. Section 2311, Code 1907; section 239, p. 474, Gen. Acts 1915; Bedsole v. Davis, 189 Ala. 325, 66 South., 491; Long v. Boast, 153 Ala. 428, 44 South. 955; Tidwell v. McCluskey, 191 Ala. 38, 67 South. 673.

Two years after May 29, 1916, the date of the tax sale, would be the time the purchaser could demand under the statute a deed to the land. Three years could not elapse between the date the right to demand a deed existed and May 9, 1921, the date when this suit was commenced. So it affirmatively appears from the plea and the filing of this suit that the defendant could not have had actual possession of the land for 3 years after he was entitled to demand a deed to it, and before this suit was commenced. The court did not err in sustaining demurrers to this plea as amended. Authorities, supra.

[4] Plea 3 was again amended to read as follows:

"That plaintiff is not entitled to recover against defendant for the lands sued for, in that defendant purchased said lands at a tax sale held for Washington county, Ala., on May 29, 1916; that he took possession on, to wit, January 1, 1917, thereof, and has continued in actual open and notorious possession thereof under claim of owner and against the whole world for the period of 3 years prior to the commencement of this action, and that 3 years have elapsed since the time this defendant became entitled to demand a deed therefor, and the filing of this suit."

The plaintiff demurred to this plea as last amended, because it fails to aver the defendant has been in actual and continuous adverse possession of the land under tax sale for 3 years, and prior to the commencement of this suit. The demurrers of plaintiff to it raised the question, but the court overruled them. The plaintiff obtained judgment, so the sufficiency of this plea is not before us on the pleading. Authorities, supra.

[5] To this plea the plaintiff replied: (1) General issue; (B) the owner of the real estate sold had paid the taxes for the payment of which said real estate was sold prior to the sale; and (3) "that the plaintiff was the owner of the real property sued for, and as such owner of the real property had paid the taxes, for the payment of which said property was sold prior to such sale. Demurrers to these replications B and 3 were overruled by the court. In these rulings the court did not err. They were not subject to the demurrers assigned to them. The provisions of the statute invoked by the plea (section 239, p. 474, Gen. Acts 1915, which is the same as section 287, p. 366, Gen. Acts 1919, p. 366), do not apply to cases in which the owner of the real estate sold had paid the taxes for the payment of which such real estate was sold prior to such sale. Section 239, p. 474, Gen. Acts 1915.

[6] It clearly appears from the evidence that these lots 8 and 10 in block 8, described in the complaint, are situated in the northeast ¼ of northeast ¼ of section 13, township 5, range 5, in Washington county. The patent from the United States government to Hiram M. Sullivan conveying to him the northeast ¼ of section 13, township 5, range 5, in said county, dated June 23, 1898, was relevant and competent evidence. Hiram M. Sullivan and wife, Dorcas R. Sullivan, by deed, dated September 11, 1900, conveyed this land, northeast ¼ of section 13, township 5, range 5, to the Yellow Pine Lumber Company, a corporation.

[7] The name of Mrs. Sullivan appears in the body of the deed as Dorcus R. Sullivan, in the general acknowledgment as Dorcas R. Sullivan, but in the separate acknowledgment as Corcas R. Sullivan, and she signed the deed "Dorcus R. Sullivan." For these reasons the defendant objected to its introduction in evidence. The acknowledgments, general and separate, are in the form prescribed by the statute. The wife of the grantor, Dorcus R. Sullivan, signed the deed; it clearly appears she was known to the officer, and she made both acknowledgments to her signature to the deed before the officer, and therefore this clerical error in stating her name in the body of the deed and in the acknowledgments will not invalidate the instrument. The deed was competent evidence to go to the jury. Middlebrooks v. Stephens, 148 Ala. 230, 41 South. 735; Shelton v. Aultman, 82 Ala. 315, 8 South. 232; Powers v. Hatter, 152 Ala. 636, 44 South. 859; sections 4161, 3361, Code 1907.

[8] The plaintiff also offered in evidence a deed from the Yellow Pine Lumber Company, a corporation, to the Yellow Pine Company, a corporation, dated July 20, 1902, conveying all of the real property owned by it in Washington county, Ala. It is signed by the grantor by its president, attested by its secretary, and acknowledged by the president and secretary of the corporation. The plaintiff offered in evidence a deed dated March 9, 1904, made by the Yellow Pine Company to the plaintiff, conveying other lands, together with the northeast ¼ of section 13, township 5, range 5, in Washington county, Ala., which deed was signed by the corporation by its president and attested by its secretary, and duly acknowledged. These last two deeds were duly filed and recorded within 12 months after their execution. They were competent and material evidence in the case, and the court did not err in admitting them in evidence.

[9] The plaintiff proved an unbroken chain of title to the lots sued for, and possession,

actual or constructive, or both, of the lots, for 14 to 16 years after it purchased the property in 1904, and the reasonable rental value of it while detained by the defendant. This proof of title in and possession of the lots by plaintiff prior to the commencement of the suit, and its rental value, made out a clear, prima facie right to recover the property. The plaintiff by its evidence shows a legal title to the lots with the right of immediate possession of the property when the suit was commenced. This cast the burden of proof upon defendant to offer evidence to sustain its defense. Dodge v. Irvington Land Co., 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; Cofer v. Schening, 98 Ala. 338, 13 South. 123; Bruce v. Bradshaw, 69 Ala. 360; Slaughter v. McBride, 69 Ala. 510.

It appears from the undisputed evidence and from the tax deed offered in evidence by the defendant that the lots sued for were sold by the tax collector of the county for taxes on May 29, 1916, under decree rendered by the probate court of the county on May 8, 1916, and that the defendant was the purchaser of the property at the sale.

After the expiration of 2 years from the date of the sale of the lots, the defendant, the purchaser, became entitled to demand a deed for the lots from the judge of probate. Section 218, p. 468, Gen. Acts 1915; section 266, p. 360, Gen. Acts 1919.

To sustain the plea of the statute of limitations of 3 years the burden was on the defendant to offer evidence of actual, adverse possession of the lots for 3 years prior to the commencement of the suit, and after the date when he became entitled to demand a deed therefor. Section 239, p. 474, Gen. Acts 1915, provides:

"No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor."

The suit was commenced on the 9th day of May, 1921, which was within the 3 years mentioned in the statute. The defendant did not and could not make this proof, because 3 years could not intervene between May 9, 1921, when the suit was commenced, and 2 years after the date of sale, May 29, 1916, when the defendant became entitled to demand a deed to the land from the probate judge. So the defendant under the undisputed evidence failed to offer any evidence tending to sustain his plea of the statute of limitations of 3 years as the statute requires. Section 2311, Code 1907; sections 218, 238, p. 468, Gen. Acts 1915; sections 266, 286, Revenue Act (Gen. Acts 1919, p. 366); Bedsole v. Davis, 189 Ala. 325, 66 South. 491; Long v. Boast, 153 Ala. 428, 44 South. 955; Tidwell v. McCluskey, 191 Ala. 38, 67 South. 673.

[10] It appears in the bill of exceptions that the parties made the following agreement in open court:

"It was further agreed in open court that the plaintiff waives damages for the detention of the property sued for, and that defendants waive their claim to be reimbursed for taxes by it on this property, so far as plaintiff is concerned."

By this agreement the defendant waived its right under the facts averred in plea 3, and under the statute (section 234, p. 473, Gen. Acts 1915, and section 282, p. 365, Gen. Acts 1919), to prove and secure judgment for the taxes for which the land was sold, the taxes lawfully paid on the land since the sale, with the interest on the different amounts—when the defense fails on the ground the sale is invalid for any other reason than that the taxes were not due. It appears from the evidence offered by the defendant that the lots sued for were assessed to owner unknown for the year 1915.

[11] Section 197 of the Revenue Act of 1915 (Gen. Acts 1915, p. 461), provides that when an assessment is made to an "owner unknown," as in this case, the notice of the application to sell the land for taxes must be given by publication for once a week for 3 successive weeks in a newspaper published in the county, if a newspaper is published in the county. It appears this notice was published in a newspaper in the county for the first week in the issue of April 20, 1916, the second week in the issue of April 27, 1916, and third in the issue of May 4, 1916; and the decree of sale of the court was rendered May 8, 1916. Section 201 of the act, in General Acts 1915, p. 462, states:

"If service of such notice is perfected ten days before the commencement of the term to which the same is returnable, the cause shall stand for trial at such term."

This notice by publication was not perfected 10 days before the decree of sale was rendered by the court. The notice for the third week appeared in the issue of the paper published on May 4, 1916, and the decree of sale was improperly rendered on May 8, 1916, before the case was at issue, and before a default judgment could be rendered. Lawrence v. Stone, 160 Ala. 382, 49 South. 376, 135 Am. St. Rep. 105; Crook v. Rainer Hdw. Co., ante, p. 178, 97 South. 635.

This decree was prematurely rendered by the court, and the sale of the lots sued for was invalid. No title to the lots by the sale under that decree passed to the defendant. Pollak v. Milam, 190 Ala. 569, 67 South. 381; Dane v. Glennon, 72 Ala. 163; Oliver v. Robinson, 58 Ala. 46; Smith v. Cox, 115 Ala. 503, 22 South. 78.

[12] The appellee insists this sale of this land for taxes is invalid for many other

reasons and defects. This may be true, but the defect pointed out is fatal to the sale of the lots under the decree, and we need not consider and pass on the other alleged defects. The trial court gave the general affirmative charge in favor of the plaintiff, which was requested by it in writing. In this the court committed no error.

[13] The appellant in brief and argument insists the court committed many errors not mentioned in this opinion. This may be true, but we need not pass on them. If true, it would avail the appellant nothing in this case, because, under the clear, uncontradicted evidence in the case, the agreement of the parties, and the evidence proposed by the appellant, and ruled out by the court, the plaintiff was entitled to the general affirmative charge, with hypothesis, which was given by the court.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.