## HAMBAUGH v. McGRAW et al. (6 Div. 264.)

(Supreme Court of Alabama. March 26, 1925.)

1. **Appeal and error ⚖=1170(7, 9)—Errors in admission or rejection of evidence and giving and refusing charges held without injury to plaintiff, where defendant was entitled to general affirmative charge.**

Where jury returned verdict for defendants, and under undisputed evidence court should have given general affirmative charge with hypothesis, requested in writing by defendants under Supreme Court rule 45 (Code 1923, p. 895), errors, if any, growing out of oral charge of court, written charges given or refused, and improper admission or rejection of evidence are without injury to plaintiff.

2. **Acknowledgment ⚖=57 — Improperly acknowledged deed nevertheless evidence of purchase and payment by grantee, where regular in form and delivered to grantee.**

Although attempted conveyance of land by quitclaim deed was acknowledged by clerk of circuit court of another state, contrary to Code 1896, § 994, such instrument was evidence of grantee's purchase and payment for property, where it was regular and proper in form, recited consideration, and described land, and was signed by grantor and delivered to grantee.

3. **Taxation ⚖=811—Evidence held to show as matter of law that defendant and his vendor, who was purchaser at tax sale, had continuous adverse possession for required three years.**

Evidence *held* to show as matter of law that defendant in ejectment, as vendee from purchaser at tax sale, together with such purchaser, were occupying land continuously under tax deeds for more than three years before suit in ejectment was commenced, and after purchaser at tax sale was entitled to demand tax deeds from probate judge, and under Gen. Acts 1886–87, p. 23, § 33 (Code 1886, §§ 606, 1112), defendant was entitled to general affirmative charge with hypothesis.

4. **Taxation ⚖=805(4)—Defendant held entitled to show his adverse possession of land in connection with that of his vendor to defeat plaintiff's title.**

Where defendant in ejectment acquired possession of land in good faith by purchase under color of title from purchaser at tax sale, defendant's adverse possession and purchase of land was properly shown in connection with outstanding title and possession of purchaser at tax sale to defeat title of plaintiff.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action in ejectment by Nisbet Hambaugh against Jim McGraw and others. Judgment for defendant, and plaintiff appeals. Affirmed.

Harsh, Harsh & Harsh, of Birmingham, for appellant. ·

A tax deed void on its face, as distinguished from one void only by reference to prior proceedings, is nothing more than a description of the property, and does not furnish a basis for a claim of adverse possession, after the act of 1893. Acts 1893, p. 478; Code 1896, § 1541. The alleged deed purporting to convey title to Weaver was not acknowledged before any officer having authority, and was not recorded. Code 1907, § 2830; Code 1896, § 994.

London, Yancey & Brower, of Birmingham, for appellees.

It is not essential that the claim of title or right be good; actual claim of ownership is the test or element of adverse possession. Manly's Adm'r v. Turnipseed, 37 Ala. 522; Smith v. Roberts, 62 Ala. 83; Alexander v. Wheeler, 69 Ala. 332; Dothard v. Denson, 72 Ala. 541; Murray v. Hoyle, 92 Ala. 559, 9 So. 368. Where there is a succession of·adverse holdings by several parties connected by privity of estate, the holding of each inures to the benefit of all. Riggs v. Fuller, 54 Ala.·141; Black v. Pratt Co., 85 Ala. 504, 5 So. 89. The tax deed to Hudson was prima facie evidence of the facts .therein recited. Code 1896, 4075. An oral contract for sale of land is valid, if part of purchase money is paid and purchaser goes into possession. Rovelsky v. Sheuer, 114 Ala. 419, 21 So. 785; 3 Mayfield's Dig. 836.

MILLER, J. This is an action of ejectment by Nisbet Hambaugh against Jim McGraw, Robert Bradford, and Jeff Scott, for the east half of section 28, township 19, range 3 west, in Jefferson county. The defendants are tenants of G. H.· Weaver, the landlord. G. H. Weaver appeared and filed plea of general issue, and the tenants filed a similar plea. The jury returned a verdict in favor of the defendants, and, from a judgment thereon by the court, this appeal is prosecuted by the plaintiff. This is the second appeal in this cause. Hambaugh v. McGraw, 209 Ala. 541, 96 So. 571.

The plaintiff offered, and the court allowed in evidence, a deed dated September 3, 1913, conveying to him the entire interest in this land, executed by H. A. Belser and many others. The documentary evidence introduced by plaintiff showed that the land sued for was patented by the United States to Buffington and others in 1867, and all of it except an undivided one-sixth interest was conveyed to the grantors of plaintiff in the deed of September 3, 1913, by the original entrymen or their grantees. The plaintiff offered no evidence as to possession of the land by him or any of the previous owners as shown by the documentary evidence and rested his cause on his title thus appearing of record on direct presentation of his case. ·

[1] There are sixty-three errors assigned

and argued by appellants. They grow out of rulings of the court on the admissions and rejection of evidence offered by the parties, exceptions to different parts of the oral charge of the court, written charges given at request of the defendant and written charges refused that were requested by the plaintiff. We need not discuss and pass on these assignments of error. If the court in any of these rulings erred, it was without injury to plaintiff, because the jury returned a verdict in favor of the defendants, and, under all the legal evidence offered, which was without dispute, the court should have given the general affirmative charge with hypothesis, requested in writing by the defendants. Supreme Court rule 45; Code 1923, p. 895; Ala. Red Cedar Co. v. Tenn. Valley Bk., 200 Ala. 622, 76 So. 980; Loper v. Gates Lbr. Co., 210 Ala. 512, headnote 13, 98 So. 722.

The defendant Weaver by his plea claims to be a vendee of the land from W. A. Hudson, trustee, who purchased the land at tax sales, secured deeds to it from the probate judge, properly executed, acknowledged, and which were recorded, and that he (defendant Weaver) and his vendor were in continuous, adverse possession of this land, claiming it under the tax deeds for more than three years after the purchaser was entitled to demand the tax deeds, and before this suit was commenced. The evidence without dispute sustains this plea of the defendant Weaver, which would entitle him to the general affirmative charge with hypothesis, which he requested in writing, and which the court refused to give.

This land was sold June 3, 1891, under decrees rendered at the April term, 1891, of the probate court of Jefferson county to pay the taxes of the state and county thereon. W. A. Hudson, trustee, purchased all of it at the sales on that day. He purchased the S. E. ¼ of S. E. ¼ of Sec. 28, Tp. 19, R. 3, at one time, and on the same day purchased the balance of the east ½ of said section 28. He received from the tax collector a certificate of each purchase.

Under the statute then in operation (section 33, Revenue Act, Gen. Acts 1886–87, p. 23), after the expiration of two years from the date of the sale of this real estate the judge of probate, upon return of the certificates of purchase and payment of the fee therefor, must execute and deliver to the purchaser a deed to the real estate purchased. Hudson as trustee, the purchaser, became entitled to demand the tax deeds for this land after the expiration of two years from the 3d day of June, 1891, the date of the tax sales. The statute declares:

"Which deed shall convey to the said purchaser all the right, title and interest of the person or persons whose duty it was to pay the tax on said land, and shall not convey the right, title or interest of any reversioner or remainderman in said land." Gen. Acts 1886–87, § 33, p. 23.

These two deeds conveying this land to W. A. Hudson, trustee, were each dated August 7, 1893. This was more than two years after the date of the sale of this land for taxes, which was on June 3, 1891. Section 593, Code 1886, provides that these deeds, when signed by the judge of probate in his official capacity, and by him acknowledged before some officer authorized to take acknowledgments of deeds, shall be in all the courts of this state prima facie evidence of the facts recited therein. These deeds were each signed by the probate judge in his official capacity; they were each acknowledged before a notary public of Jefferson county, Ala., who was authorized to take acknowledgments. Section 1112, Code of 1886. These deeds recite under what decrees the sales were made, the purpose of the sale, the dates of the sales, the purchasers, that the lands have not been redeemed, and the time for redemption has elapsed.

Section 606 of the Code of 1886, applicable to this cause, reads as follows:

"No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs, or legal representatives, shall be allowed two years after such disability is removed to bring suit for the recovery thereof."

There is no evidence that plaintiff or his grantors claim to come under the proviso or exception of this statute. This court, in construing a similar statute on tax sales of land (section 92, Revenue Acts 1868, p. 327) to section 606 of Code of 1886, in Lassitter v. Lee, 68 Ala. 291, wrote:

"Whether the sale be valid or void, the occupancy of the land under a tax deed, executed and delivered in conformity to law, for a period of five years [three years by section 606, Code 1886] from such delivery, would be a good defense to the action."

The foregoing excerpt was quoted with approval by this court in Williams v. Oates, 209 Ala. 683, 96 So. 880. This rule may have been changed by statute (section 3107, Code 1923), which states "nor shall it apply to void sales," but this change has no application to this suit. These two tax deeds conveying this land to the purchaser, W. A. Hudson, trustee, were each duly executed by the judge of probate in his official capacity, and were each delivered to the grantee on August 7, 1893, and they were each duly filed and recorded by the grantee in the proper probate office on May 30, 1896.

Were W. A. Hudson, trustee, and his vendee, the defendant Weaver, in continuous, adverse possession of this land under the two tax deeds for a period of three years from the date when he became entitled to demand a deed therefor, and before this action was

commenced? If so, then that would be a good defense to this action, and if all the legal evidence introduced and proposed, which was excluded by the court was without conflict, the defendants would be entitled to the general affirmative charge with hypothesis, requested by them in writing; and the errors, if any, growing out of the oral charge of the court, written charges given or refused, improper admission or rejection of evidence, would be without injury to the plaintiff. Supreme Court rule 45; section 606, Code 1886; Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722, and authorities supra.

There were from 5 to 30 acres of this land cleared, according to the testimony, when W. A. Hudson, trustee, purchased it at the tax sales and when he received the deeds to it from the probate judge. He went into possession of the land. W. A. Hudson, trustee, sold the merchantable timber on this land in the early part of 1904 to W. S. Esco. Prior to and after that time there was evidence that the cleared land was fenced and cultivated by tenants of W. A. Hudson. W. S. Esco manufactured some of the hardwood timber into cross-ties in 1904, and he sold and conveyed, on January 11, 1905, the said timber on this land to the Clear Creek Lumber Company. This company erected houses and a sawmill on this land, and during 1905 and 1906 manufactured into lumber this timber.

[2] W. A. Hudson, trustee, on May 2, 1905, sold this land to the defendant G. H. Weaver, and excepted from it the timber sold to Esco. In pursuance of the purchase, the grantor, Hudson, trustee, by quitclaim deed attempted to convey the land, timber excepted, to the purchaser, G. H. Weaver. The conveyance is regular and in proper form, recites the consideration paid, $3.50, describes the land correctly, and is dated June 13, 1905, and is signed "W. A. Hudson, trustee," but it was acknowledged by the grantor before one J. A. McDaniel, clerk of the circuit court of Greenville county in the state of South Carolina on June 13, 1905, and there are no subscribing witnesses to the signature. The clerk of the circuit court of another state was not authorized by our statute (section 994, Code 1896) to take acknowledgment to the execution of conveyances. But this instrument was delivered to the grantee by the grantor, and is evidence of his purchase of and payment for the property.

The evidence is without conflict that G. H. Weaver, after this purchase of the land from W. A. Hudson, trustee, paid the purchase price to him, went into actual possession of it by himself and through tenants, had erected a fence all around it, had some houses built on the land, and continued annually, from 1905, to cultivate or have cultivated parts of it by tenants until this suit was commenced, and since the suit was commenced cultivated it annually until the trial of the cause.

[3] This suit was commenced on June 12, 1915. It is clear, evident, and without conflict from the evidence that the defendant G. H. Weaver, as vendee of this land from W. A. Hudson, trustee, and Hudson, trustee, as purchaser at the tax sales, were in adverse possession, occupying this land continuously as their property, respectively, under the tax deeds for more than three years before this suit was commenced, and after W. A. Hudson, as trustee, became entitled to demand the tax deeds, from the probate judge. This was a good defense to the action of plaintiff, and, as it was proved, without conflict, by all the legal evidence introduced or offered, the defendants were entitled to the general affirmative charge with hypothesis. Williams v. Oates, 209 Ala. 683, 96 So. 880; Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722, and authorities supra.

[4] The defendant Weaver acquired possession of the land peaceably, in good faith, by purchase, under color of title from the purchaser of the lands at tax sale, and his adverse possession and purchase of the land was properly shown in connection with the outstanding title and possession of Hudson, trustee, to defeat the title of plaintiff. McCreary v. Jackson Lbr. Co., 148 Ala. 247, 41 So. 822; Owen v. Moxon, 167 Ala. 615, 52 So. 527; section 1541, Code 1896; Riggs v. Fuller, 54 Ala. 141; Black v. Pratt, etc., Co., 85 Ala. 504, 510, 5 So. 89.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.